Charles Lee THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 44065.

Court of Criminal Appeals of Texas.

July 28, 1971.

Don Metcalfe, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason, Robert T. Baskett

and James S. Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The punishment was assessed by the jury at fifteen years.

The sufficiency of the evidence is challenged.

Isaac Captain, Jr., testified that on the night in question Eddy Bradford, Jr. was visiting in his apartment in South Dallas when Charles Thomas, the appellant, knocked on the door and cursed Bradford because of the way he had parked his car at the apartment complex. Within a short time Bradford left the apartment. Thomas came out of his apartment, raised a shotgun and told Bradford not to get in the car. Bradford then said that he meant no harm and then tried to leave. Thomas shot Bradford and pointed the gun at Isaac Captain to prevent his helping Bradford, who was begging for help. Thomas then said, "I shot him," and "He's going to lay here until the police and ambulance get here." Everytime Captain would take a step in an attempt to help Bradford, Thomas would point the gun at him. This lasted for some twenty minutes until the police arrived. Thomas then said "Here I am officer, I'm the one who did it."

John H. Cawthorn of the Dallas Police Department testified that he and his partner arrived at the scene at approximately 1:35 a. m. Thomas was standing on the porch of the apartment with a shotgun in his hands and said, "Here I am, here I am." He then disarmed Thomas and searched and found no other weapon around Bradford or in that area. He further testified that Bradford was lying near the automobile some "two doors" from Thomas' apartment.

The gunshot wound was shown to have been the cause of death.

Thomas testified that a car had his driveway blocked and at the time he fired the shot Bradford was holding what looked like a gun in his hand and that several people were in the car. Thomas testified that he fired because he was afraid. The jury chose to believe the State's witnesses.

The appellant contends that the evidence does not show malice or intent to kill.

Article 45, Vernon's Ann.P.C., provides that the intention to commit an offense is presumed whenever the means used is such as would ordinarily result in the commission of the forbidden act. See Brown v. State, Tex.Cr.App., 438 S.W.2d 926; Davis v. State, Tex.Cr.App., 440 S.W.2d 291, and Barr v. State, 146 Tex.Cr.R. 178, 172 S.W. 2d 322. See also 4 Branch's Ann.P.C.2d, Section 2189, page 534.

■ Malice can be inferred from the use of a deadly weapon. Rodriguez v. State, Tex.Cr.App., 375 S.W.2d 289.

■ The jury heard sufficient evidence to conclude that the killing was intentional and with malice aforethought.

Next, it is contended that reversible error was committed when the State's witness Isaac Captain was testifying on direct examination when the following transpired:

"* * * What was the only move that Eddy made just prior to being shot?"

Captain answered:

"Turned, well, the whole time when he started getting in the car and Charles Thomas told him not to get into it so he got out and he stepped back away and the gun was pointed like that over the car, and Eddy saw he meant business, so he got back and he had both hands up."

Appellant's counsel then objected to the testimony on what Eddy may have thought on the ground that it was a conclusion. The objection was overruled. The court admitted the testimony on the theory that

it was a shorthand rendition of the facts. The State contends that the testimony was not what the deceased may have thought, but it was a shorthand rendition of what the deceased was in a position to see.

■ From the record it is apparent that the jury concluded that the appellant "meant business," but it is not necessary to decide just when the witness or the deceased realized it. Even if it can be said that the statement was not a shorthand rendition of a fact and inadmissible, we are of the opinion and hold that the testimony was not of such a nature as to require a reversal.

The record contains no reversible error. The judgment is affirmed.

ODOM, J., not participating