**Benjamin F. WINGATE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45281.**

Court of Criminal Appeals of Texas.

Nov. 29, 1972.

Gilbert T. Adams, Beaumont, for appellant.

Tom Hanna, Dist. Atty., John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appellant was convicted of assault with intent to murder. Punishment was assessed at five years.

Eight grounds of error are alleged.

A discussion of the evidence is necessary since certain facts are in dispute. On May 17, 1970, at approximately 1 a. m., Nathaniel Moore was shot while at Charlie's Cafe in Beaumont. Calvin Johnson, an uncle of Moore's, testified that while inside the crowded cafe, someone pushed him, and as a result, he brushed against appellant. Appellant asked Johnson, "what the hell he was doing?" and Johnson replied that it was an accident and that he was sorry. At this point, Moore approached Johnson and asked him if anything was wrong, Johnson replying negatively. Moore and appellant briefly faced each other, appellant demanding to know what business it was of Moore's to intervene. Appellant then went outside the cafe. Shortly thereafter, two companions of appellant saw that he had a gun in his hand, and tried to restrain him

and take the gun away. These two companions stated that appellant broke loose from their hold, and then fired the gun. Moore, standing in the doorway of the cafe, was shot in the back.

Appellant testified in his own behalf and stated that the shooting was an accident. He said that Moore had threatened his life inside the cafe, and he went outside to get away from Moore. Appellant testified that his companions were still trying to get the gun away from him when he stumbled and the gun accidentally discharged.

The first two grounds of error both allege that the jury should have been instructed to find appellant not guilty since the evidence did not raise the issue of assault with intent to murder with malice. Appellant contends that there is nothing in the record to show the existence of malice, or intent on his part to harm Moore.

■■■ Article 45, Vernon's Ann.P.C., provides that the intention to commit an offense is presumed whenever the means used is such as would ordinarily result in the commission of the forbidden act. Malice can be inferred from the use of a deadly weapon. Thomas v. State, 467 S.W.2d 463 (Tex.Cr.App.1971); Rodriguez v. State, 375 S.W.2d 289 (Tex.Cr.App.1964). The evidence is sufficient to support the jury's finding that the shooting was intentional and with malice aforethought.

■■■ Appellant next complains that the court erred in its charge to the jury when it recited that the jury "may" consider the condition of appellant's mind at the time of the assault, if any, and if as going to show the condition of mind, they "may" take into consideration all of the relevant facts and circumstances in evidence surrounding the assault, if any, and the previous relationship existing between appellant and Moore, together with all relevant facts and circumstances in evidence. Appellant objected to this charge, stating that the word "must" should have been used, instead. We note that the charge follows the language used in Article 1257a, V.A.P.C.,[1] in reference to what the jury "may" consider in determining the punishment to be assessed. However, as to the issue of guilt or innocence, we further note that the jury was, in fact, affirmatively instructed that when considering appellant's defenses of accident and self-defense, they were to "view the facts in connection therewith from the standpoint of the defendant as said facts appeared to him at the time." Appellant's third ground of error is overruled.

The sufficiency of the indictment is also challenged. It reads as follows:

"In the Name and by the Authority of the State of Texas:

THE GRAND JURORS for the County of Jefferson, State aforesaid duly organized as such at the April Term, A.D.1970, of the Criminal District Court of Jefferson County, in said County and State, upon oath in said Court present that BENJAMIN F. WINGATE on or about the 17th day of May One Thousand Nine Hundred and Seventy, and anterior to the presentment of this indictment in the County of Jefferson and State of Texas, did then and there unlawfully with malice aforethought, make an assault in and upon Nathaniel Moore with the intent then and there to murder the said Nathaniel Moore, against the peace and dignity of the State."

■■■ Appellant contends that the indictment fails to show jurisdiction of the court and the place and the county in which the assault was committed. We agree that the insertion of a comma after the word "in-

1. Though Art. 1257a, V.A.P.C., deals with homicides, the provisions therein have been held applicable to assault to murder cases, also. Dunlap v. State, 462 S.W. 2d 591, 594 (Tex.Cr.App.1971); Salinas v. State, 458 S.W.2d 933 (Tex.Cr.App. 1970).

dictment" would have clarified its meaning.[2] Nevertheless, in light of Art. 21.19, Vernon's Ann.C.C.P., the indictment is sufficient. See, Westbrook v. State, 88 Tex.Cr.R. 466, 227 S.W. 1104 (1921) and Mosier v. State, 90 Tex.Cr.R. 136, 234 S. W. 225 (1921).

In grounds of error #5 and #6, appellant alleges that he was denied the right of counsel during certain proceedings in this cause. Specifically, appellant states that after after he had challenged the sufficiency of the indictment, the court called a conference on this matter, and when appellant's counsel arrived at this conference, the court had already made a decision not to quash the indictment. Appellant contends that though the State was there to present its authorities, he was denied the same right when he arrived, and was not permitted to make his bill of exception. The record does indeed disclose that such a hearing was held, and that the State was represented. However, there is nothing in the record to substantiate appellant's claim that his counsel was not present. No bystanders' bill was filed. Regardless of whether or not appellant's counsel was present, we perceive no error. Appellant had already familiarized the court with his ideas relative to the indictment. An appellant does not have an absolute right to participate in the trial in any way he pleases. It is a privilege to be exercised in a proper and legitimate manner, subject to the sound discretion of the trial court in its exercise of its powers to control the business of the court. Hathorne v. State, 459 S.W.2d 826, 834 (Tex.Crim.App.1970), cert. denied, 402 U.S. 914, 91 S.Ct. 1398, 28 L.Ed.2d 657 (1971). It is not every conceivable procedure in a court in which an accused shall be heard by himself or counsel or by both. See Peterson v. State, 156 Tex.Cr.R. 105, 235 S.W.2d 138, 140 (1950) and Leahy v. State, 111 Tex.Cr.R. 570, 13 S.W.2d 874, 880 (1928). The trial judge decided that, as a matter of law, the indict-

ment was sufficient, and we agree. Appellant's fifth and sixth grounds of error are without merit.

Appellant next states that the court erred in failing to grant him a new trial, in light of "newly discovered evidence." At the hearing on the motion for new trial, one of the State's witnesses, an eyewitness to the shooting, stated that before the trial, Moore, the prosecuting witness, had approached him and inquired of him what actually happened on the night in question. The eyewitness testified that Moore stated he was "high" that night and didn't remember what transpired. It is on the basis of this hearsay testimony that appellant urges this Court to find reversible error. We would point out two facts: Moore admitted, during the trial itself, that he did not remember much about what happened that night, and secondly, appellant's counsel did not call Moore to the stand during the hearing on the motion for new trial. Even if appellant's contention is taken as true as to what Moore said, the result is the same. The eyewitness testimony of appellant's companions is sufficient to sustain the conviction. Thus, this "newly discovered evidence" is not such as would probably bring about a different result on another trial. See Watkins v. State, 438 S.W.2d 819, 821 (Tex.Cr.App.1969).

In his last ground of error, appellant complains of a "hoax" perpetrated upon the court by the State's counsel. Appellant, citing no authority, states that though the prosecuting witness Moore lay on a stretcher throughout the length of the trial, he had been seen on several occasions before the trial in a wheelchair. At the hearing on the motion for new trial, appellant's counsel stated:

"Your honor, the man was laying on the stretcher under a blanket like a dead man and I want to make a statement now. This is different from argument. This is new evidence, something I re-

---

2. But for the missing comma, the indictment is virtually identical to the form suggested in Art. 21.16, V.A.C.C.P.

ceived after the trial. And it was after the close of the trial that the District Attorney, Mr. Patterson, went to either the clerk or the court and had them call or called and said, 'Come pick up the stretcher; we're through with it.' This man doesn't even have a stretcher; he has a wheel chair, and he goes to all of these beer joints and different places in a wheel chair, and he was laying on a stretcher under a blanket in the court room and it is highly prejudicial to the defense, highly prejudicial and it inflames the minds of the jury."

Nowhere other than here does the record reveal anything to back up the claim of a "stretcher hoax." [3] Since the statement by appellant's counsel, standing alone, may not be taken as "evidence" of this claim, there is nothing for this Court to review.

The judgment is affirmed.

---

3. During the course of the trial, the *State* attempted to question the prosecuting witness as to the extent of his injuries. Appellant objected, alleging that such questions were "immaterial."