Alfred Lee TANKSLEY, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 374–84.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 27, 1985.

Robert J. Seerden, Howard Marek, Victoria, for appellant.

George J. Filley, III, Dist. Atty., Victoria, Robert Huttash, State's Atty., Austin, for the State.

TEAGUE, Judge, dissenting.

In his appellate brief on direct appeal, Alfred Lee Tanksley, appellant, made the following assertion in his first ground of error: "The Trial Court committed reversible error in denying Appellant's Motion for Mistrial because no valid reason existed for presenting the Appellant before the prospective jurors while wearing leg irons and handcuffs." The State, in its reply brief, did not dispute or take issue with appellant's assertion of what factually occurred, but in fact agreed that "The record disclosed that Appellant was transported with hands cuffed and legs shackled by two Sheriff's Deputies from the County Jail, across the street to the Courthouse, up the elevator, and into the courtroom." The State claimed, however, inter alia, that because of the facts of the case, such restraint of appellant was necessary. However, in its reply to appellant's petition for discretionary review, the State has changed its tune and now asserts the following: "We find no evidence in the record that any prospective juror saw Petitioner in handcuffs and leg irons."

The Corpus Christi Court of Appeals refused to review appellant's ground of error, making the following finding: "The defense attorney did not make a bill of exceptions [sic] or otherwise present or preserve evidence regarding this incident. A statement by appellant's counsel, standing alone, may not be taken as evidence. *Wingate v. State*, 487 S.W.2d 89 (Tex.Cr.App. 1972). There is nothing for this Court to review. *Wingate* at 93."

On October 31, 1984, this Court refused appellant's petition for discretionary review without written opinion. Appellant has filed a motion for rehearing, forcefully arguing therein that the ground of error was properly preserved for review. Because I now find that I am in agreement with appellant, that the ground of error was properly preserved for review, I file this dissenting opinion to the Court's decision to deny appellant's motion for rehearing.

I first find that *Wingate v. State*, supra, is not factually in point and thus does not support the court of appeals' decision not to review appellant's first ground of error.

As expressly pointed out in *Wingate*, the attorney's statement, that was deemed not to constitute "evidence", was made at the hearing on the defendant's motion for new trial. It amounted to nothing more than argument as to why the motion should have been granted. Secondly, it was the contention of the defendant Wingate that what he was arguing about constituted newly discovered evidence. In light of the provisions of Art. 40.03, V.A.C.C.P., this Court correctly held the following: "Since the statement by appellant's counsel, standing alone, may not be taken as 'evidence' of [his] claim, there is nothing for this Court to review."

Thus, the facts of *Wingate*, supra, are not those of this case. The record of appeal in this cause reflects that approximately ten minutes before the jury panel was to be examined, appellant's counsel addressed the court:

Defense Counsel: Your Honor, at this time we would like to make a motion for mistrial on behalf of the defendant. We would like to show to the Court—and I think it could be stipulated—that the Court previously granted a motion to have this defendant tried in civilian clothes, which he is wearing. But, that the representatives of the Victoria County Sheriff's Department, and there are two of them here who have custody of this defendant, Deputy Tiny Duke and Sheriff Deputy Tommy Rakowitz, transported the defendant from the sheriff's office here in Victoria County to—Excuse me, Dewitt County Jail in the Dewitt County Jail to this courthouse at

about 20 minutes after 1:00 at a time when substantially all of the jury panel has been called to hear this case and were out in the hallway in the elevator lobby right in front of this courtroom.

They brought the defendant across the street, up in the elevator, passed him in front of this entire jury panel and in the courtroom where there were at least two prospective jurors and possibly more. They walked him in front of them with his hands cuffed and his legs shackled. If we need to have any evidence to show that, but I think the State would agree that those facts occurred and I think that most of them were in plain view of this Court. Certainly while it may not be in violation of the actual wording of the Court's order [apparently referring to the court's order that appellant would be tried in civilian clothes], it certainly is contrary to the granting of the order by the Court to permit him to be tried looking like any other citizen in civilian clothes.

Most civilians don't walk around with their hands cuffed and their legs shackled. And, we think that this action has prejudiced this defendant in the part of this jury panel to such an extent that there is no action of the Court that could remove those visions in the minds of this panel.

We, therefore, ask that this panel be quashed and that a new panel be called and a mistrial be granted at this time.

THE COURT: Okay, sir. The motion for mistrial is denied.

As easily seen, neither the prosecuting attorney nor the trial judge took issue with counsel's factual rendition of what had occurred or taken place.

The question that is before this Court does not go to the merits of appellant's assertion. See, however, the cases collated in *West's Texas Digest*, under Criminal Law Keys 637 and 1166.11. The question that is now before this Court is whether appellant properly preserved his ground of error for appellate review.

Just recently, this Court in *Canada v. State*, 660 S.W.2d 528 (Tex.Cr.App.1983), rejected the defendant in that cause's contention that "the prosecutor's statements referring to the hospitalization of the witness were not competent evidence." Also see Art. 40.09, subdivisions 4, 6, and 6(d)(1), V.A.C.C.P.; Presiding Judge Onion's commentary to Art. 40.09, supra; *Koehler v. State*, 679 S.W.2d 6 (Tex.Cr.App.1984); *Hicks v. State*, 525 S.W.2d 177 (Tex.Cr. App.1975); *Quevedo v. State*, 661 S.W.2d 321 (Tex.App.—Corpus Christi 1983). Cf. *Rumsey v. State*, 675 S.W.2d 517 (Tex.Cr. App.1984).

An attorney representing his client in the trial of a case occupies a unique position in our legal community. He is an officer of the court, see *Ex parte Howell*, 488 S.W.2d 123 (Tex.Cr.App.1972), and, although I have been unable to find any legal authority to support such a proposition, other than the fact that an attorney occupies such a unique position in our legal community, it is not unusual for him not to even be required to take an oath before he testifies in a court of law.

If a prosecuting attorney's unsworn statement that a certain witness who was vital to his case was in the hospital suffering from a gunshot wound and an automobile accident is competent evidence, see *Canada v. State*, supra, then why are the above statements that appellant's counsel made not competent evidence and sufficient to support an offer of proof? Is it not true that a good rule of law works for the State as well as the accused?

I believe, as the State originally agreed, that counsel's statements to the Court were sufficient to preserve the error.

This Court should grant appellant's motion for rehearing and then remand the cause to the court of appeals for it to review appellant's first ground of error. To the majority's failure to take this action, I respectfully dissent.

CLINTON, McCORMICK and WHITE, JJ., join.