**Christopher Jethro EMERSON,
Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1139–90.**

Court of Criminal Appeals of Texas,
En Banc.

Dec. 11, 1991.

Catherine Greene Burnett, court appointed on appeal, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Lester Blizzard, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

WHITE, Justice.

A jury convicted appellant of aggravated sexual assault. TEX.PENAL CODE ANN. § 22.021(a)(1)(A)(i), & (a)(2)(A)(iv). The jury assessed his punishment at ten years confinement in the Texas Department of Corrections.[1]

On direct appeal, appellant claimed the trial court erred when it denied his *Batson*[2] challenge to the State's use of its peremptory strikes. The Court of Appeals found that appellant failed to introduce sufficient proof to raise an inference that "the State used its peremptory challenges to exclude members of appellant's race." The Court of Appeals held that appellant failed to make a prima facie showing of purposeful discrimination. The Court of Appeals concluded that the burden never shifted to the State to offer race-neutral explanations for the use of its peremptory strikes. *Emerson v. State*, No. A14–88–00778–CR, 1990 WL 144054 (Tex.App.—Houston [14th Dist.] October 4, 1990).

We granted appellant's petition for discretionary review on the ground for review that "The Court of Appeals erred in finding no sufficient preliminary defense showing under *Batson* to justify a hearing on the D.A.'s use of peremptory challenges." We will sustain appellant's ground for review.

When the jury panel was initially brought in, defense counsel stated that only six veniremen were black, specifying which six and there were only four in the first thirty-two veniremen. His objection that this wasn't an adequate cross-section was overruled by the court. Appellant then made his *Batson* challenge after the twelve jurors were chosen and before the rest of the venire panel was dismissed by the trial court. Appellant complained that the State's use of its peremptory strikes denied him equal protection, a jury of his peers, and a cross-section of the communi-

ty, thereby depriving him of a fair and impartial trial. He pointed out that he was black and that the State exercised four of its peremptory challenges to keep prospective black jurors off the jury. The attorney for the State responded that two black venirepersons were selected for the jury. Both appellant and the State stipulated that appellant was black and that the six venirepersons in question were also black.

The trial court heard arguments from appellant and the State for, and against, his *Batson* motion to strike the jury panel or to disallow the State's discriminatory use of four of its peremptory challenges. Appellant urged the trial court to engage in a "meaningful comparison analysis" as called for in *Tompkins v. State*.[3] He pointed out to the trial court that the State asked no questions of Juror # 33 who was black and who was struck by peremptory challenge. He also explained that juror # 35 was black and that the State only asked her whether she had any children (she stated she had two, ages 12 and 16) before striking her by peremptory challenge. Appellant argued the State asked "no real questions" of these two black venirepersons before striking them. The State did not object to any of the above statements and arguments from appellant. Appellant suggested he made a prima facie case of purposeful discrimination and the State needed to come "forth with some type of proof."

The State responded that there were three requirements under TEX.CODE CRIM.PROC.ANN. art. 35.261(a)., and that appellant had not satisfied the third requirement by failing to offer relevant facts to show the State's strikes were made for reasons of race. The State also mentioned that it had used only nine of its ten permitted strikes. If the State wished to use its strikes in a racially discriminatory manner, the State argued, it "surely could have used its tenth to strike an additional black person." The State concluded that appel-

1. Now, the Texas Department of Criminal Justice, Institutional Division.

2. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

3. *Tompkins v. State*, 774 S.W.2d 195, 202, n. 6A (Tex.Cr.App.1987).

lant had not raised a prima facie case showing the State used its challenges for reasons of race. Therefore, the State explained, the burden of proof had not shifted to the State to "give a racially neutral explanation" for the challenges. See art. 35.261(a), supra.

The trial court permitted appellant to rebut the State's argument. Appellant relied upon a comparative analysis to demonstrate that the State used its challenges in a racially discriminatory manner. Appellant stated that juror # 24, who was black, stated that he had a brother who had been convicted of robbery. The State used a peremptory challenge on juror # 24. Appellant compared this to juror # 25 who was white and stated that he had a brother who had been convicted of theft. Juror # 25 sat on the jury. The State did not object to any of appellant's statements setting out these facts.

Appellant also stated that juror # 19, who was black, stated that he had a friend who had been convicted of robbery. The State employed a peremptory challenge to keep juror # 19 off of the jury. Appellant compared this to juror # 5 who had a friend who had been convicted of a felony and been sentenced to prison. Juror # 5 sat on the jury. The State did not object to any of appellant's statements setting out these facts.

The trial court turned to the State for a rebuttal of appellant's comparative analysis. The State repeated that it had only struck four out of six blacks, and that it had one unused peremptory challenge at the conclusion of voir dire. Therefore, the State urged, appellant had not shown a prima facie case.

The trial court agreed with the State. The trial court failed to convene a hearing to require the State to come forward with race neutral explanations for its use of peremptory challenges on the four black jurors mentioned above. The trial court denied appellant's Batson motion, and or-

dered the jury to be impanelled as properly constituted. The trial court refused to comply with appellant's request to make findings of fact and conclusions of law.

■ We hold the trial court erred when it agreed with the State that appellant had not made a prima facie case that the State based its peremptory challenges on reasons of race. Appellant explained in his arguments to the trial court that the State used four of its peremptory challenges on black venirepersons. Appellant stated to the trial court that one of the four was asked no questions by the State. Appellant employed a comparative analysis to show the trial court that two other of the four black venirepersons were challenged solely for reasons of race. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); and Tompkins v. State, 774 S.W.2d at 202, n. 6A. We find appellant did make a prima facie case that the State based its peremptory challenges on reasons of race. Art. 35.261(a), supra; and Salazar v. State, 795 S.W.2d 187, at 193 (Tex.Cr.App.1990).

■ The Court of Appeals, in its unpublished opinion, dismissed appellant's statements in the record because, "observations of counsel offered in support of his motion to dismiss the array do not constitute evidence." Emerson v. State, No. A14–88–00778–CR., slip op., at 7. The Court of Appeals' conclusion here is erroneous. In the instant case, the State did not dispute or object to any of the observations made by appellant before the trial court in support of his Batson motion. Because there were no objections made to appellant's undisputed observations, we hold that those observations constitute valid proof in support of appellant's prima facie case. Hicks v. State, 525 S.W.2d 177 (Tex.Cr.App.1975); and Canada v. State, 660 S.W.2d 528, at 530 (Tex.Cr.App.1983).[4]

■ Because appellant made a prima facie case that the State employed its peremptory challenges on the basis of racial reasons, the burden shifted to the State to

---

**4.** See, also Lewis v. State, 686 S.W.2d 243, at 244 (Tex.App.—Houston [14th Dist.] 1985); Moore v. State, 708 S.W.2d 484, at 489 (Tex.App.—Dallas, 1986); Hughes v. State, 729 S.W.2d 352 (Tex. App.—Dallas, 1987); and Tanksley v. State, 689 S.W.2d 224, Judge Teague, dissenting, at 226, joined by Judges McCormick, Clinton and White (Tex.Cr.App.1985).

give race neutral explanations for those challenges. Art. 35.261(a). The trial court erred when it did not convene a hearing for the purpose of compelling the State to give those explanations, if any possible explanations were forthcoming. The Court of Appeals erred when it did not remand the instant case to the trial court to convene a *Batson* hearing to hear the State's explanations. Dewberry v. State, 776 S.W.2d 589, at 591 (Tex.Cr.App.1989); and *Salazar v. State*, 795 S.W.2d, at 193–194.

The decision of the Court of Appeals is reversed. We remand this cause to the trial court for a proper *Batson* hearing. The trial court is to enter findings of fact and conclusions of law.