IN THE
COURT OF CRIMINAL APPEALS

                                    OF
TEXAS

 

                                                              

                                                  NO.
PD-1743-04



 

                              ROGER
MERRITT THIELEMAN, Appellant

 

                                                             v.

 

                                             THE
STATE OF TEXAS

 



               ON
APPELLANT=S PETITION FOR DISCRETIONARY REVIEW

            FROM
THE SECOND COURT OF APPEALS COURT OF APPEALS

                                               TARRANT
COUNTY



 

Johnson, J., delivered the
opinion of a unanimous Court.

 

                                                     O
P I N I O N

 

A jury convicted appellant of aggravated assault
with a deadly weapon and sentenced him to life imprisonment in the Texas
Department of Criminal JusticeBCorrectional Institutions Division.  The court of appeals affirmed the judgment
and sentence.  Thieleman v. State,
No. 2-03-141-CR (Tex. App. - Fort Worth, delivered September 30,
2004)(unpublished).  We granted review of
appellant=s second issue.

During the guilt phase of trial, appellant moved for
a mistrial because of a purportedly sleeping juror.








[APPELLANT=S ATTORNEY]: Okay. 
Judge, we=d like to move for mistrial because there=s a jury [sic] that=s
slept continuouslyBa juror that has slept continuously throughout the
trial.

 

[THE COURT]: All right.  Is that all you have to offer on it?

 

[APPELLANT=S ATTORNEY]: On my motion for mistrial with the
sleeping juror.  It=s the lady that was seated in the third seat.

 

[THE COURT]: I don=t know
who you=re talking about. 
They all sit in different places every time.

 

[APPELLANT=S ATTORNEY]: The young girl with the red blond hair.

 

[THE COURT]: All right.  Overruled. 
All right.  What else now?

 

[APPELLANT=S ATTORNEY]: That=s it
for the record.

 








On appeal, appellant raised a point of error asking
if the trial court had Aabuse[d] its discretion by denying [his] requested
mistrial where the uncontroverted evidence in the record established that a
juror had >slept continuously throughout the trial=?@[1]  The court of
appeals concluded that the trial judge was unaware of which juror defense
counsel alleged was sleeping, or whether the juror was actually asleep, and
that the only item before the trial court on the mistrial motion was the
statement of counsel.  Thieleman, supra,
slip op. at 4.  It then held that
argument of counsel is not evidence and that [a]ppellant=s trial counsel=s statement that a juror was sleeping presents no
evidence of the matter.@  Id.  It also pointed out that no testimony was
developed or requested on this issue and that nothing further was proffered;
appellant neither proffered the name of the juror nor called as a witness that
juror or anyone else who had been present in the courtroom to testify that the
juror had, in fact, been asleep.  Id.,
slip op. at 4-5.  It also stated, AIt was incumbent upon [a]ppellant=s trial counsel to develop the record for the trial
court in order to clarify which specific juror counsel was referencing, and to
determine if that juror was sleeping.@ Id. 
The court of appeals ultimately overruled that point of error because it
held that the error was not properly preserved for appellate review. Id.,
slip op. at 5.

We granted review of appellant=s second ground; AAre
uncontroverted un-objected to statements of counsel about occurrences in the
courtroom >evidence= of those occurrences which can be considered on
appeal?@  We find that
such statements may be some evidence that the event occurred and may, under
some circumstances, establish that the event occurred.[2]

   In the
context of Batson challenges at trial, we have determined that
undisputed observations and uncontradicted statements of trial counsel can
provide support in the record for assertions relative to the Batson
claim.  See, e.g., Yarborough
v. State, 947 S.W.2d 892 (Tex. Crim. App. 1997); Emerson v. State,
820 S.W.2d 802 (Tex. Crim. App. 1991). 
In the context of the characterization of an exhibit as a written
judicial confession, we have said, AThis Court accepts as true factual assertions made
by counsel which are not disputed by opposing counsel.@  Pitts v.
State, 916 S.W.2d 507, 510 (Tex. Crim. App. 1996).  In Hayden v. State, 66 S.W.3d 269, 273
(Tex. Crim. App. 2001), we said that, because a defendant had neither disputed
the state=s claim before the trial court that witness statements
described all of the extraneous offenses nor attempted to have the witness
statements placed in the record, AWe assume, therefore, that the witness statements
are as








the State represented them to be.@  In Resanovich
v. State, 906 S.W.2d 40, 42 (Tex. Crim. App. 1995), in which the defendant
failed to dispute the state=s submission regarding a prior murder sentence, we
said, ABecause there were no objections made to the State=s undisputed observations, we hold that those
observations constitute valid proof in support of the State=s submission.@

The state acknowledges that AAppellant correctly points out that a long line of
cases hold that assertions of counsel should be taken as true.@  After citing
a number of published opinions from this Court that Ahave applied this principle allowing appellate
courts to accept as fact assertions from both prosecutors and defense
attorneys[,]@ the state also quite candidly concedes, AAppellant correctly points out that this
long-standing line of cases applies to the statements made to the trial court
by defense counsel at trial.@  Appellant=s brief likewise cites several opinions of this
Court and from courts of appeals.  Among
other cases,  both parties cite Yarborough
v. State, 947 S.W.2d 892 (Tex. Crim. App. 1997).

A counsel=s statement about an occurrence in the courtroom,
which was made for the purposes of the record, recorded by the court reporter,
undisputed by the opposing counsel, and unquestioned and unqualified by the
judge in whose presence the statement was made, establishes the occurrence for
purposes of the appellate record.

 

Id. at 895,
citing Hicks v. State, 525 S.W.2d 177 (Tex. Crim. App. 1975).

The parties thus acknowledge that we have on several
occasions held that a trial counsel=s undisputed statements may be accepted as both true
and sufficient to preserve an issue for appellate review.  Such a statement, when made in open court
without being contradicted or disputed by either opposing counsel or the trial
court, provides some evidence of the fact of occurrence that is being
asserted.  At the very least, the
assertion alerts the trial court that there may be a controversy over whether
such an event occurred.   

 








The assertion does not, however, conclusively prove
that the event occurred.  The weight of
the assertion is increased if the assertion about the alleged event is made
contemporaneously to the event, thus giving opposing counsel and the trial
court the opportunity to observe the event.   
If the asserted event is not the focus of attention at the time it
occurs, it is all the more incumbent upon the objecting party to make a
contemporaneous objection.[3]  The weight of the contemporaneous assertion
may similarly increase if a description of a non-oral event is entered into the
record without objection.[4]  If the circumstances warrant, the assertion
may be supported by a bystander=s bill.  An
uncontroverted assertion by counsel about an event, particularly a
non-contemporaneous assertion, may be taken as true only if: (1) the event
could not have happened without being noticed; and (2) the assertion is of the
sort that would provoke a denial by opposing counsel if it were not true.  If these two conditions are met, the opposing
party may be held to have adoptively admitted the assertion, and the assertion
will be accepted as both true and sufficient to preserve an issue for appellate
review.

Finding that appellant preserved error for appeal,
we vacate the judgment of the court of appeals and remand the cause to that
court for further proceedings consistent with this opinion.

 

Johnson, J.

En
banc

Delivered:
December 14, 2005

Publish  











[1] We  observe
that appellant=s brief before the court of appeals also raised that
point using slightly different wording; AThe
trial court abused its discretion by denying appellant=s request for a mistrial because a juror was sleeping
through the trial.@





[2] This is comparable to the principle whereby silence
can be accepted as an adoptive admission. See, e.g., Tex. R. Evid. 801(e)(2)(B); Paredes
v. State, 129 S.W.3d 530, 534 (Tex. Crim. App. 2004).  We also observe that our Rules of Appellate
Procedure provide a procedure, traditionally known as a bystander=s bill of exception, to develop a record and place an
issue before an appellate court when the party=s
version of events differs from that of the trial court. Tex. R. App. P. 33.2(c)(3).  See also G. Dix & R. Dawson, Texas
Practice: Criminal Practice and Procedure ' 43.374
(2nd ed. 2001).





[3] The behavior of a testifying witness will probably be
a focus of attention, while a sleeping juror will not be unless the attention
of the court is drawn to the objectionable behavior at the time it occurs.  Failure to contradict an assertion in such
circumstances may raise the issue of adoptive admission.  Disagreement as to what occurred may be
addressed by proffer of a bill of exception.





[4] Contemporaneous description of non-oral events, such
as a disturbance in the audience or eye-rolling or smirking by a witness, fall
into this category.