

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-0205-17, PD-0206-17, PD-0207-17 & PD-0208-17

### GARY CARSON, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### BOWIE COUNTY

YEARY, J., filed a concurring and dissenting opinion in which KEEL, J. joined, and in which KELLER, P.J., joined as to Parts I, II, and III.

### CONCURRING AND DISSENTING OPINION

I agree that the judgment of the court of appeals in this case must be reversed, and I concur in the Court's judgment today to that extent. But I agree with Presiding Judge Keller that a remand is unnecessary, for the reasons she explains. Moreover, the Court should not remand the cause to the lower appellate court without also addressing the State Prosecuting Attorney's (SPA) fourth ground for review, because a resolution of that claim in the SPA's favor would moot any necessity for a remand in any event. In addition, I have issues with the way in which the Court goes about resolving the SPA's first three grounds for review. As I

will explain in more detail below, for these reasons, I respectfully dissent to the Court's remand.

**I.**

Assuming the Court is correct to hold that Appellant's waiver of appeal was not invalid under the *Delaney/Broadway* line of cases,[1] I would not remand the cause to the court of appeals to address Appellant's alternative argument under *Rankin/Young*.[2] As Presiding Judge Keller explains, that claim is essentially frivolous. It is true that the court of appeals did not have to reach this alternative argument on original submission because of its holding that the waiver was invalid on other grounds,[3] and that this Court does not usually address an issue that has not been decided by the lower court; but it is equally true that we *can* address such an issue, for the sake of judicial economy, when the proper resolution is plain. *Gilley v. State*, 418 S.W.3d 114, 119 (Tex. Crim. App. 2014). That is the case here, and there is nothing to be gained by remanding the cause to the court of appeals.

**II.**

Concerning the SPA's first three grounds for review, the Court today announces its intention to simply adhere to prior precedents. Majority Opinion at 12–13. As accurately described by the Court, our prior decisions recognize that a purported waiver of appeal may

---

[1] *Ex parte Delaney*, 207 S.W.3d 794 (Tex. Crim. App. 2006); *Ex parte Broadway*, 301 S.W.3d 694 (Tex. Crim. App. 2009).

[2] *Rankin v. State*, 46 S.W.3d 899 (Tex. Crim. App. 2001); *Young v. State*, 8 S.W.3d 656 (Tex. Crim. App. 2000).

[3] *Carson v. State*, 515 S.W.3d 372, 382 n.9 (Tex. App.—Texarkana 2017).

prove invalid in two instances: (1) where an appellant could not have anticipated an issue that might arise at the time he executed the waiver (what I will call the "anticipation" criterion);[4] and (2) where he received no consideration from the State in exchange for the waiver (what I will call the "consideration" criterion).[5] *Id*. at 8–12. The SPA has made a number of intriguing arguments why this Court should reject each of these. We should reject the "anticipation" criterion, urges the SPA, because it is inconsistent with our more recent jurisprudence that recognizes that a defendant can waive his constitutional rights "knowingly and intelligently"—so long as he is aware of what he does *not* know at the time of the waiver and persists in executing the waiver anyway.[6] We should likewise reject the "consideration"

---

[4] *See Delaney*, 207 S.W.3d at 798 ("When the punishment that may be assessed if guilt is adjudicated is not certain, the validity of a pretrial waiver of appeals is in question because the waiver cannot be knowing and intelligent when potential errors cannot be anticipated and the consequences of the waiver are unknown."); *Washington v. State*, 363 S.W.3d 589, 590–91 (Tex. Crim. App. 2012) (Keller, P.J., concurring) (recognizing that "the rationale for holding the waiver [of appeal] to be involuntary in *Delaney* was 'the concern that unanticipated errors may occur at the punishment phase of trial'") (quoting *Delaney*, 207 S.W.3d at 799); *Ex parte Reedy*, 282 S.W.3d 492, 496–98 (Tex. Crim. App. 2009) (discussing the state of the law with respect to the validity of waivers of appeal prior to *Broadway*, and observing that a defendant's waiver of appeal will be "knowing" only when he is "in a position to know the nature of the claims he could have brought on appeal but for his waiver").

[5] *See Broadway*, 301 S.W.3d at 697 ("A key component to our analysis in *Delaney* was that the waiver of appeal was not the result of a bargain."); *Delaney*, 207 S.W.3d at 798 ("When a presentencing waiver of appeal was not bargained for in exchange for an agreed upon sentence, concerns as to the validity of the waiver are raised."); *Jones v. State*, 488 S.W.3d 801, 807 (Tex. Crim. App. 2016) ("[W]e conclude that the documents in the record here are adequate to show that appellant's waiver of his right of appeal was a part of his plea agreement and that he received consideration for it.").

[6] *See* SPA's Brief on the Merits at 15 (arguing that the Court has "shift[ed] its focus from what the defendant was told to what he knew he did not know[,]" citing *Ex parte Palmberg*, 491 S.W.3d 804, 809 (Tex. Crim. App. 2016), in which we held that a defendant's waiver of his trial rights may be knowingly and intelligently waived "as long as he has a sufficient awareness of his

criterion, the SPA contends, because it inappropriately limits a defendant's right to determine his own destiny on his own terms.[7] We granted the SPA's petition specifically in order to examine these arguments. We should not reject them now based on nothing more than a rote reliance on stare decisis.

**III.**

Having thus announced its decision to rely on our prior precedents, however, the Court proceeds to analyze the instant case only against the "consideration" criterion, concluding that "Appellant's waiver was made in exchange for consideration given by the State and, thus, was voluntary, knowing and intelligent." Majority Opinion at 15. But the court of appeals also (and arguably, primarily) found Appellant's waiver to be invalid as measured against the "anticipation" criterion. *See Carson v. State*, 515 S.W.3d 372, 382 (Tex. App.—Texarkana 2017) (Appellant's waiver of appeal was invalid "because at the time he executed the waiver, it was not possible for him to have known that the trial court would base its sentence on extrajudicial evidence"); *id*. at 385 ("[W]e find that [Appellant's] presentence waiver was unknowing and invalid as to any error in the punishment/sentencing phase of the trial because [Appellant] was in no position to know the nature of the claims he

---

circumstances—including an awareness that some facts simply remain unknown to him or are undetermined as of the time of the plea").

[7] *Id*. at 34 (arguing that "*Defendants do not need protection from themselves*"). *See McCoy v. Louisiana*, 138 S. Ct. 1500, 1508 (2018) ("Just as a defendant may steadfastly refuse to plead guilty in the face of overwhelming evidence against her, or reject the assistance of legal counsel despite the defendant's own inexperience and lack of professional qualifications, so may she insist on maintaining her innocence at the guilt phase of a capital trial.").

could have brought on appeal in the absence of the waiver."). It seems to me that this Court cannot fairly reverse the court of appeals' opinion in this case without addressing this alternative criterion as well.

**IV.**

We could take a different approach to reach the same result, but without the remand. In its fourth ground for review, the SPA argues that, even if Appellant's waiver of appeal was invalid, his appeal must ultimately fail because he did not preserve his only claim of error for appeal. I agree. At the conclusion of the plea proceeding, the trial court invited the parties to address the court, and both parties did. For its part, the State explicitly identified the many felony convictions that had been referenced in its Rule 404(b) notice, even though no evidence of any of those prior convictions had been introduced into evidence. The prosecutor informed the trial court that, prior to the offenses to which Appellant was pleading guilty, Appellant "had 19 criminal convictions, 10 of which were felonies. Among those are carnal abuse on the Arkansas side [of the Texarkana divide], two failures to register as a sex offender, burglary, [and] possession charges." Appellant did not object to these assertions, nor did he dispute them.[8] Then, in announcing the punishment, the trial judge commented that, based upon such an extensive criminal history, he had "no doubt . . . a jury would have given you 99 or life." Again, Appellant made no objection. At the conclusion of the

---

[8] We have often observed that courts are permitted to accept an attorney's statements on the record as true if they are unopposed. *Thielman v. State*, 187 S.W.3d 455, 457 (Tex. Crim. App. 2005); *Pitts v. State*, 916 S.W.2d 507, 510 (Tex. Crim. App. 1996); *Emerson v. State*, 820 S.W.2d 802, 804 (Tex. Crim. App. 1991).

subsequent hearing on Appellant's motion for new trial, the trial court frankly admitted that some of this criminal history had indeed factored into its assessment of Appellant's sentences. Only then did Appellant object; but, even then, he merely objected to the trial court's having considered "facts not in evidence," without identifying any source of law—constitution, statute, rule, or case law—that would prohibit such a thing.

The court of appeals treated the trial court's consideration of these prior convictions as an error of federal constitutional dimension—indeed, as constitutional error so dire as fairly to be described as "fundamental" and "structural," and therefore immune to principles of procedural default.[9] In his dissenting opinion, Justice Burgess observed that any error was of strictly statutory dimension—at best, simply a violation of Article 37.07's procedure by which evidence is to be formally introduced, not informally presented, at the punishment phase of a non-capital trial.[10] Such a trial error is ordinarily subject to the contemporaneous objection requirement of Rule 33.1(a) of the Texas Rules of Appellate Procedure.[11] Here, a

---

[9] *Carson*, 515 S.W.3d at 378–82. The court of appeals majority seemed to consider a constitutional error that is "structural" to mean that it is not subject to principles of procedural default. But to say that a federal constitutional error is "structural" speaks to whether it is subject to harmless error analysis, *not* whether it may be expressly waived or forfeited by inaction. *See Mendez v. State*, 138 S.W.3d 334, 339–40 (Tex. Crim. App. 2004) (distinguishing "structural" defects, which are not subject to a harm analysis, from "systemic" prohibitions or requirements, in contemplation of *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993), which are not subject to procedural default); *Proenza v. State*, 541 S.W.3d 786, 791 (Tex. Crim. App. 2017) ("[W]e have previously stressed the importance of keeping questions of preservation and harm distinct from one another.") (citing *Mendez*, 138 S.W.3d at 339).

[10] *Carson*, 515 S.W.3d at 392–402 (Burgess, J., dissenting); TEX. CODE CRIM. PROC. art. 37.07 § 3(a)(1).

[11] TEX. R. APP. P. 33.1(a).

timely objection could have prevented the trial court from considering prior convictions that had not been formally introduced into evidence. Appellant was certainly in a position to object to the prosecutor's allusion to those priors, and was put on notice that the trial court might be taking them into account both by the prosecutor's reference to them and by the trial court's subsequent comment regarding how a jury might have responded in view of that extensive criminal history. But he did not object. I would hold that this constituted a failure to preserve the issue for appeal,[12] and resolve this case based on the SPA's fourth ground for review. Such a resolution would obviate any potential need to remand the cause for further consideration.

The Court correctly reverses the court of appeals's judgment, and with that decision I concur. To the extent that the Court needlessly remands the cause to the court of appeals, I respectfully dissent.


FILED:                    September 19, 2018
PUBLISH

---

[12] It is true that Appellant did eventually raise an objection at the conclusion of the hearing on his motion for new trial. A trial court may *grant* a motion for new trial on the basis of a trial error that was not preserved at the trial itself, "if that error is sufficiently serious that it has affected the defendant's substantial rights." *Herndon v. State*, 215 S.W.3d 901, 910 (Tex. Crim. App. 2007). "If the trial court *denies* a motion for new trial, however, the defendant, as the losing party, must have preserved that same error before he may claim it as a basis for reversing the trial judge once he moves into the appellate court." *Id*. at 909. *See* George E. Dix & John M. Schmolesky, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 50:17, at 645 (3d ed. 2011) ("If the trial court denies a motion for new trial that raised unpreserved appellate claims, the appellate court lacks the authority to grant relief on the basis of the claims that could have been granted by the trial court.").