

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00025-CR

CYNTHIA LARUE WHITE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27849

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Cynthia Larue White pled guilty to driving while intoxicated (DWI), third or more,[1] was found guilty by the trial court, and was sentenced to eight years' imprisonment.  On appeal, White contends (1) that her sentence was illegal, (2) that insufficient evidence supports her guilty plea, and (3) that the trial court's judgment should be modified because of certain clerical errors. Because we find that White received a valid sentence and that sufficient evidence supports her guilty plea, we affirm her conviction.  That said, we modify the trial court's judgment to correct certain clerical errors, and we affirm the trial court's judgment, as modified.

## I.    Background

The Lamar County grand jury indicted White and alleged that on or about January 26, 2018, she operated a motor vehicle while intoxicated.  The indictment also contained a paragraph that alleged White had twice before been convicted of an offense relating to operating a motor vehicle while intoxicated in cause numbers 19978 and 21833 in a district court in Lamar County. Before taking her plea, the trial court confirmed that White understood that she had been indicted for DWI, third or more, and that it was a third-degree felony.  The trial court also confirmed that the punishment range was from two to ten years and that she would plead guilty and true to the "enhancement" paragraph.  After White pled guilty to the offense, the State introduced, without objection, White's signed written plea admonishments, waivers, and her judicial confession as

---

[1]*See* TEX. PENAL CODE ANN. § 49.09(b)(2) (Supp.).

State's Exhibit 1.[2]  In her judicial confession, White swore under oath that she had read and understood the indictment, that she had committed and was guilty of every act as alleged, that all the facts alleged were true and correct, and that the enhancement allegations were true and correct. The State also introduced evidence on facts leading to White's arrest on January 26 and that White's blood alcohol concentration that night was 0.247 grams of alcohol per 100 milliliters of blood.[3]

## II. White Received a Legal Sentence

In her first issue, White contends that her sentence was illegal.  White contends that since she never specifically pled true to the prior DWI offenses alleged in the indictment, and the trial court did not orally make a finding about these offenses, she could only be convicted and sentenced for a Class B misdemeanor.[4]  Since her eight-year sentence exceeds the maximum punishment for a Class B misdemeanor,[5] White reasons she received an illegal sentence.  We disagree.

Under the DWI statutes, a person who operates a motor vehicle in a public place while intoxicated, and who has previously been convicted two or more times of DWI offenses, commits

---

[2]State's Exhibit 1 is not included in the reporter's record.  Although State's Exhibit 1 was not identified at the hearing, the State represents in its brief that State's Exhibit 1 was the same as a document filed in the clerk's record entitled Written Plea Admonishment, and White has not disputed that representation.  We may accept as true factual assertions made by counsel not disputed by opposing counsel.  *Pitts v. State*, 916 S.W.2d 507, 510 (Tex. Crim. App. 1996) (en banc) (citing *Emerson v. State*, 820 S.W.2d 802 (Tex. Crim. App. 1991)).  As a result, we accept as true that State's Exhibit 1 was the document entitled Written Plea Admonishments, including White's judicial confession, in the clerk's record.  *See id.*

[3]White does not challenge the sufficiency of the evidence supporting her guilty plea in regard to committing a DWI on January 26.

[4]*See* TEX. PENAL CODE ANN. § 49.04(b) (Supp.).  *Compare* TEX. PENAL CODE ANN. § 49.04(d) (Supp.) (providing that if the blood alcohol concentration was "0.15 or more at the time the analysis was performed, the offense is a Class A misdemeanor")

[5]*See* TEX. PENAL CODE ANN. § 12.22.

a third-degree felony. TEX. PENAL CODE ANN. § 49.09(b)(2). "In a felony DWI case, the prior DWI convictions are elements of the offense, and (like the other elements of the offense) must be proven beyond a reasonable doubt." *Woods v. State*, 398 S.W.3d 396, 399–400 (Tex. App.— Texarkana 2013, pet. ref'd) (citing *Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999)). Thus, the prior DWI offenses are part of the State's case-in-chief during the guilt/innocence stage of the trial. *Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999). As explained by the Texas Court of Criminal Appeals, proof that the defendant has previously been convicted of two or more DWI offenses makes the third or more DWI offense a felony and gives the district court jurisdiction over the offense. *Id.* at 695–96 (citing TEX. CODE CRIM. PROC. ANN. art. 4.05; TEX. PENAL CODE ANN. § 49.09(b)).

Since the prior DWI offenses are elements of a felony DWI offense, when a defendant pleads guilty to felony DWI, her plea encompasses all the elements of the offense alleged in the indictment. White has cited no authority, and we are aware of none, that requires a defendant's guilty plea to include separate pleas of true to each element of the offense alleged in the indictment.[6] Thus, a separate plea of true to the prior DWI offenses is unnecessary. White affirmed to the trial court that she understood that the indictment alleged that she had committed felony DWI, third or more, and that it alleged two prior felony DWI convictions. When the trial court asked for her plea, she pled guilty after signing a judicial confession admitting that she had

---

[6]As an example, there is no requirement that a defendant's guilty plea to criminal mischief must include separate pleas of true that she (1) without the effective consent of the owner (2) intentionally or knowingly (3) damaged or destroyed the tangible property of the owner. *See* TEX. PENAL CODE ANN. § 28.03(a)(1).

committed the prior offenses. As a result, a separate plea of true to the prior DWI convictions was unnecessary.

Likewise, since the prior DWI offenses are elements of this felony DWI case, when the trial court found White guilty, this pronouncement included its finding that the State had proved that its allegations on White's two prior DWI convictions were true beyond a reasonable doubt. Thus, it was unnecessary for the trial court to pronounce specifically that those allegations were true.

Since neither a separate plea, nor a finding by the trial court, of true to the prior DWI convictions was required, the trial court's verdict that White was guilty of felony DWI was proper. And White's eight-year sentence was within the range of punishment for this third-degree felony. *See* TEX. PENAL CODE ANN. §§ 12.34(a), 49.09(b)(2); *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (a sentence outside the punishment range for the offense is illegal). White therefore received a legal sentence. For these reasons, we overrule White's first issue.

## III. Sufficient Evidence Supports White's Guilty Plea

White also contends that insufficient evidence supports her plea to the prior DWI offenses. A judgment of conviction may not be rendered in a felony case based on a plea of guilty "without sufficient evidence to support the same." *Petrea v. State*, No. 06-18-00075-CR, 2018 WL 4472224, at *1 (Tex. App.—Texarkana Sept. 19, 2018, no pet.) (mem. op., not designated for publication)[7] (quoting TEX. CODE CRIM. PROC. ANN. art. 1.15; *Menefee v. State*, 287 S.W.3d 9, 13

---

[7]"Although unpublished opinions have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

(Tex. Crim. App. 2009)). Article 1.15 requires that the defendant's guilt be established by "evidence in addition to, and independent of, the plea itself." *Baggett v. State*, 342 S.W.3d 172, 175 (Tex. App.—Texarkana 2011, pet. ref'd) (quoting *Menefee*, 287 S.W.3d at 14). A plea of guilty to the charges in the indictment is not equivalent to "confessing to the truth and correctness of the indictment." *Petrea*, 2018 WL 4472224, at *1 (quoting *Menefee*, 287 S.W.3d at 15).

White points to her testimony at the hearing and argues that the testimony would only support a finding that she had one prior DWI conviction. Yet, this was not the only evidence introduced at trial. Evidence supporting a guilty plea may take many forms. *Id.* (citing *Menefee*, 287 S.W.3d at 13). A judicial confession that includes all the elements of the charged offense will be enough to support a guilty plea. *Id.* (citing *Menefee*, 287 S.W.3d at 13).

In *Petrea*, we found that when an indictment, as here, alleged all the elements of the charged offense, a sworn judicial confession that asserted that the defendant "had reviewed and understood the indictment and everything contained in it, stated that he committed and was guilty of each allegation made in the indictment, and . . . attested that all facts alleged in the indictment were true and correct" was sufficient to support the defendant's guilty plea. *Id.* at *2.

Here, the sworn judicial confession signed by White was substantially similar to the judicial confession in *Petrea*. As a result, we find that sufficient evidence supports White's guilty plea, including her plea to the two prior DWI convictions. We therefore overrule White's second issue.

6

**IV.     The Judgment Must Be Modified**

In her third and fourth issues, White asserts that the trial court's judgment contains errors and should be modified.  Based on her first and second issues, White's fourth issue contends that the judgment incorrectly reflects that she was convicted under Section 49.09 of the Texas Penal Code.  Since we have upheld White's conviction for felony DWI, the judgment's reference to Section 49.09 is correct.  *See* TEX. PENAL CODE ANN. § 49.09(b)(2).  We overrule White's fourth issue.

In her third issue, White asserts that the judgment incorrectly recites that she pled true to the enhancement allegations and that the trial court found the allegations true.  She argues that those recitations should be deleted since she did not plead true to the allegations and the trial court made no such finding.  The State agrees that the recitations should be deleted, but because White's guilty plea included those allegations and no sentence enhancement allegations were made.  We agree with the State's position.

As we have noted before, the indictment only alleged the elements of felony DWI, which included the element of two prior DWI convictions.  No additional sentence enhancement allegations were made.  *See McNatt v. State*, 152 S.W.3d 645, 648 n.1 (Tex. App.—Texarkana 2004) *rev'd in part on other grounds*, 188 S.W.3d 198 (Tex. Crim. App. 2006) (noting difference between jurisdictional allegations and sentence enhancement allegations).  In a judgment of conviction, the sections regarding enhancement paragraphs refer to allegations authorizing the trial court to enhance the defendant's sentence.  *See* TEX. PENAL CODE ANN. §§ 12.42, 12.425.

7

Here, next to "1ˢᵗ Enhancement Paragraph," the judgment recites, "PLEADED TRUE," and next to "Finding on 1ˢᵗ Enhancement Paragraph," the judgment recites, "FOUND TRUE." Since the State alleged no prior convictions for the purpose of sentence enhancement, White did not plead to any enhancement paragraph, and there was no finding in this regard. Appellate courts have the authority to modify the judgment to make the record speak the truth. *Minter v. State*, 570 S.W.3d 941, 944 (Tex. App.—Texarkana 2019, no pet.) (citing TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.)). For these reasons, we modify the trial court's judgment to reflect that there was no plea and no finding regarding any enhancement paragraph.

## V. Conclusion

For the reasons stated, we modify the trial court's judgment by (1) replacing "PLEADED TRUE" with "Not Applicable" next to "1st Enhancement Paragraph" and (2) replacing "FOUND TRUE" with "Not Applicable" next to "Findings on 1ˢᵗ Enhancement Paragraph." We affirm the trial court's judgment, as modified.


Scott E. Stevens
Justice

Date Submitted:     June 12, 2019
Date Decided:       June 19, 2019

Do Not Publish

8