**Richard HERNANDEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 09 81 022 CR.**

Court of Appeals of Texas, Beaumont.

Jan. 13, 1982.

Douglas M. Barlow, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

CLAYTON, Justice.

Appellant was indicted in a three-count indictment for forgery, and the indictment contained an enhancement paragraph charging one prior felony conviction. The State elected to proceed on the first count alleging forgery by "making." Appellant waived a jury, entered a guilty plea, and the trial court found him guilty and assessed his punishment at confinement for a period of twelve years.

Appellant's first ground of error contends that the trial court "erred in forcing appellant to be represented by counsel against his wishes."

The record before us shows that on January 12, 1981, appellant requested court-appointed counsel; such was granted, and counsel was appointed on that date. On February 2, 1981, this case proceeded to trial; appellant and his counsel executed a waiver of jury, stipulation of evidence, and appellant signed a judicial confession. Appellant stated in open court that he was satisfied with his counsel. He then entered his plea of guilty. After the hearing, the court stated, "I find the facts justify a verdict of guilt." The court then postponed the formal pronouncement "until a report is received in the case."

On February 27, 1981, appellant and his court-appointed counsel appeared at the hearing at which time the court was advised appellant wanted to dismiss his counsel. The court proceeded to formally pronounce the finding of guilty and assessed punishment at twelve years confinement. The court then stated that further proceedings would be postponed in order to allow appellant to obtain counsel. Date for sentencing then was set for March 12, 1981. Appellant was advised that he could hire other counsel, but the date for sentencing would be March 12, 1981.

On March 12, 1981, appellant appeared with his court appointed counsel and advised the court that he had talked to two attorneys. The court then stated to appellant that the two attorneys mentioned by appellant had reported that they did not represent him. The court then proceeded to sentence appellant. After sentencing, the court then stated, "I will get you another lawyer and appoint somebody to represent you, [on appeal] if you want me to. I strongly suggest you accept that until such time as you get somebody of your choice to represent you. If you do hire someone, that lawyer can replace the one I appoint. Do you want to do that?" Appellant answered, "Yes, Sir."

The record does not reflect any instance in which appellant expressed dissatisfaction with his appointed counsel until twenty-five days after pleading guilty to the charge of forgery. Appellant had expressed satisfaction with his counsel on the very day he entered his guilty plea. When his desire to dismiss his court-appointed counsel was brought to the attention of the court, all further proceedings were postponed in order to give appellant an opportunity to employ other counsel. At the time this postponement was granted, appellant had already entered his guilty plea, and the court

had found him guilty; only the formal sentencing was then pending. During the period of postponement, appellant did not retain other counsel. Immediately after the sentencing, other counsel was appointed by the court for this appeal. Appellant made no objection to this appointment, but, to the contrary, agreed to the appointment.

■ The appellant's right to select his own counsel cannot be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice. *Webb v. State*, 533 S.W.2d 780 (Tex.Cr.App.1976); *Thompson v. State*, 447 S.W.2d 920 (Tex.Cr.App.1969). This appellant may not wait until the day of trial (in this instance twenty-five days after trial) to demand different counsel or to request that counsel be dismissed so that he may retain other counsel. *Webb v. State*, supra; *Keys v. State*, 486 S.W.2d 958 (Tex.Cr.App.1972); *Stovall v. State*, 480 S.W.2d 223 (Tex.Cr.App.1972). This ground of error is overruled.

■ Appellant next complains of error "in denying appellant his right of allocution." He argues that the provisions of *Vernon's Ann.C.C.P., Art. 42.07*, mandates that, prior to sentencing, he be asked if he has anything to say why the sentence should not be pronounced. The record shows that such question was not asked by the trial court. Even though *Art. 42.07* does provide that such question be asked of appellant, it (*Art. 42.07*) further provides that only certain specified "reasons" can be shown "on account of which sentence cannot be pronounced." There were no objections to the court's failure to inquire of the appellant if he had anything to say why the sentence should not be pronounced against him. There was no contention then or now that any of the statutory reasons set out in *Art. 42.07* to prevent the pronouncement of sentence ever existed. As stated by the court in *Tenon v. State*, 563 S.W.2d 622 (Tex.Cr.App.1978), "Surely appellant would not have this court reverse this cause and order a new sentencing so that when the court asks [him] if [he] has anything to say why sentence should not be pronounced

against [him] he can then answer 'Nothing.' " See *Graham v. State*, 498 S.W.2d 197 (Tex.Cr.App.1973). This ground is overruled.

Appellant's third ground of error complains of the trial court's assessment of "punishment and sentencing appellant to a term of years exceeding the maximum provided by law."

■ The trial court entered a judgment and sentence which recited that appellant was convicted of forgery "as charged in the first count of the indictment." We agree with appellant that *V.T.C.A., Penal Code, § 32.21*, provides that such offense is a third degree felony and that the maximum term of imprisonment is ten years. However, where the accused has a prior felony conviction, punishment shall be the same as for a second-degree felony, *Art. 12.42(a)*, which is for any term of not more than twenty years or less than two years, *Art. 12.33(a)*.

■ The judgment and sentence pronounced in the case at bar was upon a finding of guilty to forgery as "charged in the first count" which was a third-degree felony. However, sentence was pronounced as for a second-degree felony. The judgment does not recite a finding by the court as to the prior felony conviction.

The record reflects the following transpired:

"THE COURT: Mr. Hernandez, the indictment in your case charges that you committed forgery in this county, . . . and it also alleges you have one prior felony conviction. Do you plead guilty or not guilty to the indictment?

"DEFENDANT: Guilty."

The trial court then admonished appellant in accordance with the range of punishment for a second-degree felony, the offense of forgery being enhanced by the prior felony conviction.

In the guilty plea memorandum appearing in the record, it clearly appears that appellant pled guilty to the offense of "forgery, with a repeated offense count."

Moreover, the record reflects that there was a plea bargain agreement in which the offense was stated as "Forgery with Repeated Offense." The trial court assessed punishment in accordance with the plea bargain agreement. It is clear that the court found that the prior conviction alleged for enhancement was established. Appellant makes no complaint, by ground of error or otherwise, that such was not established.

When a defendant's punishment is enhanced under *Sec. 12.42(a)*, the judgment and sentence should so reflect. The record in the case at bar, however, is sufficient to show that the allegation of appellant's prior conviction was found to be true. The judgment and sentence are ordered reformed to reflect this finding. *Rumph v. State*, 548 S.W.2d 895 (Tex.Cr.App.1977).

Appellant's next ground of error complains of error in "failing to grant appellant's motion to set aside the indictment, and said indictment was fundamentally defective." Appellant argues that "the indictment, as reflected in the record ... lacks some of the fundamental requirements of an indictment." His argument is based solely upon the grounds that the indictment appearing in the transcript contains only the last two pages of a four-page indictment. However, a supplemental transcript was filed containing the first two pages of the indictment, completing the entire indictment. An examination of the entire indictment shows clearly that all the items pointed out by appellant are included and contained in the instrument. This ground is overruled.

The judgment of the trial court, as reformed, is affirmed.

AFFIRMED as reformed.