11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Emilio
Gaspar Faustino

Appellant

Vs.      
            No. 11-01-00118-CR  --  Appeal from Dallas County

State of Texas

Appellee

 

Emilio
Gaspar Faustino entered an open plea of guilty to the offense of aggravated
sexual assault of his 11-year-old stepdaughter.  The jury assessed his punishment at confinement in the
Institutional Division of the Texas Department of Criminal Justice for life and
assessed a fine of $10,000.  We affirm.

There is
no challenge to the sufficiency of the evidence.  Appellant=s 11-year-old stepdaughter testified that appellant had been assaulting
her vaginally and anally since she was 9 years old.  He had threatened to kill her and her mother if she told anyone.  The victim became pregnant as a result of
appellant=s assaults. 
 

Appellant
asserts ineffective assistance of counsel in his first point of error.  To prevail on a claim of ineffective
assistance of counsel, an appellant must establish that his lawyer's
performance fell below an objective standard of reasonableness and that there
is a "reasonable probability" that the result of the proceeding would
have been different but for counsel's deficient performance.  Strickland v. Washington, 466 U.S. 668,
693-94 (1984); see Mallett v.
State, 65 S.W.3d 59, 62-63 (Tex.Cr.App.2001). 
A reasonable probability is a probability sufficient to undermine
confidence in the outcome.  Hernandez v.
State, 726 S.W.2d 53, 55 (Tex.Cr.App.1986). 
The purpose of this two-pronged test is to judge whether counsel's
conduct so compromised the proper functioning of the adversarial process that
the trial cannot be said to have produced a reliable result.  Thompson v. State, 9 S.W.3d 808, 812-13
(Tex.Cr.App.1999)(citing McFarland v. State, 845 S.W.2d 824, 843 (Tex.Cr.App.1992),
cert. den=d, 508 U.S. 963 (1993)).








The review
of defense counsel's representation is highly deferential and presumes that
counsel's actions fell within a wide range of reasonable professional
assistance. Tong v. State, 25 S.W.3d 707, 712 (Tex.Cr.App.2000), cert. den=d, 532 U.S. 1053 (2001).  When
the record is silent on the motivations underlying counsel's tactical
decisions, an appellant usually cannot overcome the strong presumption that
counsel's conduct was reasonable.  See
Thompson v. State, supra at 813.  In order
to defeat  Strickland's
presumption of reasonable professional assistance, "any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness."  Thompson v. State, supra at 814 (quoting
McFarland v. State, 928 S.W.2d 482, 500 (Tex.Cr.App.1996), cert. den=d, 519 U.S. 1119
(1997).

Appellant
contends that trial counsel should not have permitted a particular juror to
serve on the jury.   The juror in
question stated during voir dire examination that she had been the victim of
sexual assault.  The juror further
stated that she would be able to evaluate the evidence fairly.  Appellant=s trial counsel neither challenged the juror for cause nor exercised a
peremptory strike to remove her from the jury. 
The appellate record is silent regarding trial counsel=s motivations and does not establish that the
outcome would have been different had the juror in question not served on the
jury.  Appellant=s first point of error is overruled.

Appellant
argues in his second point of error that the trial court failed to comply with
TEX. CODE CRIM. PRO. ANN. art. 42.07 (Vernon Supp. 2002) prior to pronouncing
sentence which provides that, A[b]efore pronouncing sentence, the defendant shall be asked whether he
has anything to say why the sentence should not be pronounced against him.@ 
Article 42.07 further specifies the only reasons which preclude the
pronouncement of sentence.  Appellant
did not object to the trial court=s omission.  Furthermore, he has
not cited any of the reasons listed in Article 42.07.   Appellant is not entitled to a remand of these proceedings.   Hernandez v. State, 628 S.W.2d 145, 147 (Tex.App.
B Beaumont 1982, no pet=n); see Tenon v. State, 563 S.W.2d 622, 624
(Tex.Cr.App.1978).  Appellant=s second point of error is overruled.  

The
judgment of the trial court is affirmed.

 

JIM
R. WRIGHT

August 15, 2002                                                                       JUSTICE

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.