

**NUMBERS**
**13-13-00244-CR**
**13-13-00245-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**SAMMY SANCHEZ,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the 105th District Court**
**of Nueces County, Texas.**

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Benavides and Longoria**
**Memorandum Opinion by Chief Justice Valdez**

In appellate cause number 13-13-00244-CR, a jury found appellant, Sammy Sanchez, guilty of burglary of a habitation, a first-degree felony, alleged to have occurred on October 16, 2004. *See* TEX. PENAL CODE ANN. § 30.02 (West 2011). The jury sentenced appellant to eight years' confinement, but recommended that the trial court suspend his sentence and place him on community supervision. The trial court followed

the jury's recommendation and placed appellant on community supervision. In appellate cause number 13-13-00245-CR, appellant, pursuant to a plea bargain with the State, pleaded guilty to the offense of burglary of a habitation, alleged to have occurred on November 3, 2004. *See id.* The trial court accepted appellant's plea, deferred adjudication, and placed appellant on community supervision for a period of ten years. The trial court eventually revoked appellant's community supervision in both cases and sentenced appellant to two concurrent terms of eight years' incarceration. In both appeals, appellant contends by one issue that his due process rights were violated because the trial court did not afford him the right of allocution under article 42.07 of the Texas Code of Criminal Procedure.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 42.07 (West 2006). We affirm.

## I.  DISCUSSION

"'[A]llocution' refers to a trial judge's asking a criminal defendant to 'speak in mitigation of the sentence to be imposed.'" *Eisen v. State*, 40 S.W.3d 628, 631–32 (Tex. App.—Waco 2001, pet. ref'd) (quoting A DICTIONARY OF MODERN LEGAL USAGE, 45 (Bryan A. Garner ed., 2d ed., Oxford 1995)). It is unknown how the common-law rule of allocution originated. *See id.* However, the legislature has chosen to codify a form of allocution in article 42.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 42.07. Article 42.07 provides that:

> Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him. The only reasons which can be shown, on account of which sentence cannot be pronounced, are:

---

[1] Appellant concedes on appeal that his "argument is foreclosed under current case law but [states that he] raises it in an adversarial fashion herein to preserve the issue for possible further review."

1. That the defendant has received a pardon from the proper authority, on the presentation of which, legally authenticated, he shall be discharged;

2. That the defendant is incompetent to stand trial; and if evidence be shown to support a finding of incompetency to stand trial, no sentence shall be pronounced, and the court shall proceed under Chapter 46B; and

3. When a person who has been convicted escapes after conviction and before sentence and an individual supposed to be the same has been arrested he may before sentence is pronounced, deny that he is the person convicted, and an issue be accordingly tried before a jury, or before the court if a jury is waived, as to identity.

*Id.*

The law is well-settled that an objection to a denial of allocution is required to preserve a complaint on appeal. *See Tenon v. State*, 563 S.W.2d 622, 623–24 (Tex. Crim. App. 1978); *see also Arguellez v. State*, No. 13-09-00136-CR, 2009 WL 3210934, at *3 (Tex. App.—Corpus Christi Oct. 8, 2009, no pet.) (mem. op., not designated for publication). However, fundamental error may be raised for the first time on appeal. *See* TEX. R. EVID. 103(d) (establishing the ability of appellate courts to take notice of fundamental errors affecting substantial rights even though the errors were not preserved). Fundamental errors include violations of rights that are "waivable only" or denials of absolutely systemic requirements. *See Arguellez*, 2009 WL 3210934, at *3 (citing *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002)). The right to assistance of counsel and to jury trial are "waivable only" rights, while systemic requirements "include jurisdiction of the person, jurisdiction of the subject matter, a penal statute's being in compliance with the Separation of Powers Section of the state constitution, a constitutional requirement that a district court must conducts its

3

proceedings at the county seat, the constitutional prohibition of ex post facto laws, and certain constitutional restraints on the comments of a judge." *See id.* (citing *Saldano*, 70 S.W.3d 888–89).

Here, appellant argues that he was denied due process when the trial court denied him the right to allocution under article 42.07. According to appellant, this constituted fundamental error requiring no objection to preserve error. However, this Court has already determined that denial of the right to allocution is not a fundamental or systemic right. *See Clifford v. State*, No. 13–10–00256–CR, 2010 WL 5020237, at *3 (Tex. App.—Corpus Christi Dec. 9, 2010, pet. ref'd) (mem. op., not designated for publication) (concluding that allocution is not a constitutional right); *see also Arguellez*, 2009 WL 3210934, at *3 (explaining the concept of fundamental error and holding that appellant's issue that article 42.07 is unconstitutional did not constitute fundamental error). Therefore, we conclude that appellant's complaint must have been preserved for our review. *See* TEX. R. APP. P. 33.1(a)(1).

However, even had appellant preserved the issue by objecting in the trial court, there was no contention then or now that any of the statutory reasons not to impose the sentence ever existed. Thus, appellant has not shown that he was harmed by the trial court's failure to allow allocution pursuant to article 42.07.[2] *See Hernandez v. State*, 628 S.W.2d 145, 147 (Tex. App.—Beaumont 1982, no pet.). As stated by the court in *Tenon*, 563 S.W.2d at 622, "[s]urely appellant would not have this court reverse this cause and

---

[2] Before sentencing appellant, the trial court asked, "Anything else anybody wants to say?" Defense counsel responded, "No, Your Honor." Thus, although the trial court did not state in specific language whether appellant had anything to say regarding why the sentence should not be pronounced, the trial court did give appellant an opportunity to speak before it pronounced its sentence.

4

order a new sentencing so that when the court asks [him] if [he] has anything to say why sentence should not be pronounced against [him] he can then answer 'nothing.'" *See also Hernandez*, 628 S.W.2d at 147 (overruling appellant's issue that he was denied the right of allocation pursuant to article 42.07 because there was nothing showing that any of the grounds in 42.07 ever existed preventing the pronouncement of sentence). We overrule appellant's sole issue in both appeals.

## II. CONCLUSION

We affirm the trial court's judgments in appellate cause numbers 13-13-00244-CR and 13-13-00245-CR.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed the
6th day of February, 2014.

5