**IN RE Jeremie Glen TENNISON, Relator**

NO. WR-85,771-01

Court of Criminal Appeals of Texas.

FILED: October 19, 2016

Clay Thomas, Nacogdoches, TX, for Applicant.

Nicole Lostracco, District Attorney, Nacogdoches, TX, Lisa C. McMinn, State's Attorney, Austin, for the State.

## CONCURRING OPINION

RICHARDSON, J., filed a concurring opinion in which MEYERS and JOHNSON, JJ., joined.

Jeremie Glen Tennison, Relator, waived a jury trial on an evading arrest charge. Thirty-six days before he was set for bench trial, Tennison filed a motion to withdraw his waiver of a jury trial. The trial court still had not ruled on Tennison's motion on the day before his bench trial was set to begin. Tennison filed an emergency stay and mandamus with the Twelfth Court of Appeals, seeking to compel the trial court to hold a hearing on his motion. The emergency stay was denied. He then sought an emergency stay with this Court seeking to halt his bench trial. Tennison also sought a mandamus with this Court to compel the trial court to hold a hearing on his motion to withdraw his jury trial waiver. One of the problems with Tennison's motion was that he was requesting this Court to compel a discretionary act (hold a hearing) on the part of the trial court.[1] Another problem with Tennison's request was that, once stayed, the trial court would be unable to do anything with regard to Tennison's motion to withdraw the jury waiver. Nevertheless, the majority of this Court granted the stay, despite this procedural conundrum and despite the fact that Tennison was not technically entitled to relief.[2] Why?

The following allegations are set out in Tennison's pleadings filed with this Court. Tennison's attorney filed an affidavit summarizing the allegations that were the basis for the relief he requested on behalf of Tennison. No other pleadings were filed with this Court contradicting these allegations. While the underlying facts of the case are not particularly relevant to the issue of whether Tennison should be allowed to withdraw his jury waiver, they put Tennison's position into perspective.

On August 13, 2014, Tennison and his mother were driving to the funeral of his grandfather. Approximately three miles from the site of the funeral, Tennison was stopped for speeding. Although Tennison explained to the trooper who stopped him that they were speeding to get to his grandfather's funeral, the trooper nevertheless began questioning Tennison's mother about previously being in the company of a black man. The trooper then, for unexplained reasons, made the assessment that Tennison was intoxicated, moved Tennison outside of the range of his vehicle's video screen, and evidently proceeded to perform sobriety tests. Tennison's father arrived on the scene. While the trooper was talking to the father, Tennison went back to sit in his air conditioned vehicle. Apparently concerned about Tennison being behind the wheel of his idling vehicle,

---

1. Under Texas Code of Criminal Procedure Article 28.01, a trial court has discretion to hold a pre-trial hearing on preliminary matters. *State v. Hill*, Nos. PD–0019–15, PD–0020–15, PD–0021–15, & PD–0022–15, 499 S.W.3d 853, 2016 WL 5113974, *10 (Tex. Crim. App. 2016).

2. First, mandamus relief is unavailable to compel non-ministerial judicial acts. *In re Brown*, 343 S.W.3d 803, 804 (Tex. Crim. App. 2011). Second, Tennison failed to file a motion for leave to file, which is required by Tex. R. App. P. 72.1. Two other reasons cut against

Tennison's right to relief, although they do not preclude it as a matter of law. Tennison's petition and motion filed in this Court would have become moot had the trial court ruled on the motion to withdraw the jury waiver on the day of the bench trial. In addition, although his motion to stay was denied, Tennison had filed a similar mandamus petition in the Twelfth Court of Appeals seeking to force the trial court to hold a hearing on his motion to withdraw the jury waiver, but the appellate court had not ruled on it. It is unusual for this Court to act on a petition when a similar petition is still pending below.

the trooper approached the vehicle, grabbed Tennison by the hair, and yanked on his head several times. To get away from the trooper, Tennison sped away. The trooper opened fire on the vehicle, shooting several times, then approached Tennison's father and assaulted him with his fist. Tennison then crashed into a tree, and the vehicle became engulfed in flames. Tennison's mother was still in the car with him. The trooper arrived at the site of the wreck and used his fire extinguisher to put out the fire. EMS arrived and transported Tennison to Nacogdoches Memorial Hospital. During the transport, Tennison was given morphine. While in the hospital, another trooper informed Tennison that he was under arrest for Driving While Intoxicated. Tennison agreed to submit a blood specimen, which revealed that his blood alcohol content was 0.054—below the legal limit for intoxication.[3] Tennison was then transported to a rehabilitation center in Shreveport, but his leg had to be amputated due to his injuries.

Tennison was eventually indicted for evading arrest.[4] His appointed counsel advised Tennison to waive his right to a jury trial, which he did. Tennison then dismissed his appointed counsel and retained the services of another counsel. Tennison was set for a bench trial on August 3, 2016, but before that date, Tennison's family retained the services of a different attorney, who is his present counsel. The motion to substitute was granted by the trial court, and a new date was set for the bench trial to take place on September 28, 2016.

On August 23, 2016, Tennison's counsel filed a Motion to Withdraw Waiver of Jury Trial. He sought a pretrial hearing on this motion. However, Tennison's counsel was told that the trial court would not take up the matter until the date of the bench trial.

The right to a trial by jury is protected by both the United States and Texas Constitutions. The United States Constitution provides that, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and District wherein the crime shall have been committed ...."[5] The Texas Constitution provides that, "The right of trial by jury shall remain inviolate."[6] This Court has held that, "A defendant has an absolute right to a jury trial."[7] The right to a jury trial is "fundamental to the American scheme of justice."[8]

3. " 'Intoxicated' means: ... (B) having an alcohol concentration of 0.08 or more." Tex. Pen. Code § 49.01(2)(B).

4. A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting lawfully to detain him. Tex. Pen. Code §§ 38.04(a). This is a felony of the third degree if the person uses a vehicle while the person is in flight. Id. (b)(2)(A).

5. U.S. Const. Amend. VI. See also Apprendi v. New Jersey, 530 U.S. 466, 476, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ("At stake in this case are constitutional protections of surpassing importance: the proscription of any deprivation of liberty without 'due process of law,' Amdt. 14, and the guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury,' Amdt. 6. Taken together, these rights indisputably entitle a criminal defendant to 'a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." (second alteration in original) (citing United States v. Gaudin, 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995))).

6. Tex. Const. Art. I, § 15. The Texas Code of Criminal Procedure also directs that "[t]he right of a trial by jury shall remain inviolate." Tex.Code Crim. Proc. art. 1.12.

7. Hobbs v. State, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009).

8. Marquez v. State, 921 S.W.2d 217, 220 (Tex. Crim. App. 1996) (quoting Duncan v. Louisiana, 391 U.S. 145, 149, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968)).

The waiver of a jury trial is prescribed in Article 1.13 of the Texas Code of Criminal Procedure,[9] but there is nothing in the statute that addresses the withdrawal of such a waiver.[10] This Court has held that a defendant does not have an absolute right to withdraw a valid jury waiver—it is within the discretion of the trial court.[11] However, a defendant should be allowed to withdraw his waiver "so long as it is in good faith and there are no adverse consequences."[12]

In *Marquez v. State*, this Court held that the defendant bears the burden of showing that he should be "permitted to withdraw his previously executed jury waiver if he establishes on the record that his request to do so is made sufficiently in advance of trial such that granting his request will not: (1) interfere with the orderly administration of the business of the court, (2) result in unnecessary delay or inconvenience to witnesses, or (3) prejudice the State."[13] "The control of the business of the court is vested in the sound discretion of the trial judge."[14] If the defendant's claims are rebutted by the State, by the trial court, or by the record itself, the trial court does not abuse its discretion in refusing to allow the defendant to withdraw his waiver.[15]

In this case, Tennison moved to withdraw his waiver of a jury trial 36 days before the bench trial was scheduled. There has been nothing presented to this Court suggesting that Tennison's request would interfere with the orderly administration of the business of the trial court, result in unnecessary delay or inconvenience to witnesses, or prejudice the State. Tennison's counsel included in his brief that there were potentially forty-one witnesses that would testify in the trial. It stands to reason, on the day of the bench trial, the trial court would not have been inclined to inconvenience so many witnesses, had it planned to grant Tennison's motion. Under facts such as these, I can think of no good reason not to allow a defendant to have his constitutionally given right to a jury trial.

I voted for the stay on September 27, 2016, which was the day before Tennison's bench trial was to begin, out of concern for what might have been—a denial by the trial court of Tennison's motion to withdraw the jury waiver, then the bench trial, resulting in a possible conviction, thereafter an appeal on the issue of Tennison's right to withdraw his waiver of a jury trial to the Twelfth Court of Appeals, leading to the potential for a petition for discretionary review on this issue, and the possibility of a reversal on this issue, resulting in the jury trial that Tennison should have been afforded in the first place. This all could have been avoided had the trial court allowed Tennison to withdraw his jury waiver when he timely made his motion.

---

9. "The defendant in a criminal prosecution for any offense other than a capital felony case [seeking the death penalty] ... shall have the right, upon entering a plea, to waive the right of trial by jury. ..." Tex. Code Crim. Proc. art. 1.13.

10. *Marquez*, 921 S.W.2d at 220 ("While article 1.13 provides for the method by which a jury may be waived, it does not provide for the undoing of such waiver.").

11. *Id.* at 221.

12. *Id.* at 222.

13. *Id.* at 223.

14. *Id.* (citing *Wheatfall v. State*, 882 S.W.2d 829, 838 (Tex. Crim. App. 1994).

15. *Id. See also Hobbs*, 298 S.W.3d at 199 (holding that the trial court did not abuse its discretion in refusing to allow the withdrawal of the jury trial waiver).

Nevertheless, the members of this Court have wisely recognized the dilemma caused by issuing the stay. The trial court's hands cannot be tied indefinitely. I, therefore, respectfully concur in the Court's decision to lift the stay, and I urge the trial court to render the appropriate decision regarding Tennison's motion to withdraw his jury waiver.