**AFFIRMED; Opinion Filed July 20, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-17-00504-CR

No. 05-17-00505-CR

**CORTEZ BOWSER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-55659-R & F13-55761-R**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Stoddart
Opinion by Justice Stoddart

Cortez Bowser appeals the trial court's judgments adjudicating guilt for possession of cocaine and burglary of a habitation. In four issues, appellant argues the trial court erred by denying his right to be represented by an attorney he hired, denying his oral motion for continuance, and violating his statutory and common-law rights of allocution. We affirm the trial court's judgments.

In separate cause numbers, the State charged appellant with possession of cocaine in an amount less than one gram (F13-55659-R) and burglary of a habitation (F13-55761-R). Both indictments included enhancement paragraphs alleging prior felony convictions for aggravated assault with a deadly weapon. Appellant executed judicial confessions, entered open pleas to the

charges, and pleaded true to the enhancement paragraphs. The trial court placed appellant on deferred adjudication community supervision for both offenses.

On March 14, 2016, the State filed motions to revoke or proceed with an adjudication of guilt on the grounds appellant violated conditions of supervision. On April 7, 2016, the State filed amended motions to revoke or proceed with an adjudication of guilt. Appellant's retained counsel, David Patin, filed motions to withdraw on April 26, 2017, stating he could not remain appellant's counsel after joining a new law firm where he could not be an attorney of record on any criminal case. No order on these motions appears in the record.

At the beginning of the hearing on May 4, 2017, Patin informed the Court he had "been advised that Mr. Bowser has fired me as his attorney of record. That Mr. Bowser wants another attorney to represent him, and he's in fact contracted with Craig Watkins to be his attorney for all his cases moving forward." The trial court denied the request, stating it had not received notice from Watkins who had not appeared in the case; Patin had tried a murder case for appellant that resulted in a hung jury; the revocation hearing was set for more than one month; and appellant had been incarcerated for a year. The trial court would not "allow this to hold up our docket" and "to keep this case from unnecessary delay." Patin then orally requested a two-day continuance to allow Watkins to make an appearance. The trial court denied this request as well. The revocation proceedings then continued with Patin acting as appellant's counsel.

In his first issue, appellant argues he was denied his constitutional right to be represented by the attorney of his choice. An appellate court reviews a trial court's ruling on a motion to substitute counsel for an abuse of discretion. *Turner v. State*, No. 05-07-00616-CR, 2008 WL 2502143, at *2 (Tex. App.—Dallas June 23, 2008, no pet.) (not designated for publication) (citing *Carroll v. State*, 176 S.W.3d 249, 256 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd)). A trial court abuses its discretion when its decision is so clearly wrong as to lie outside the zone within

which reasonable persons might disagree. *Howell v. State*, 175 S.W.3d 786, 790 (Tex. Crim. App. 2005).

A trial court has essentially three options when confronted with an accused who makes an eleventh hour request for change of counsel. *Turner*, 2008 WL 2502143, at *2 (citing *Burgess v. State*, 816 S.W.2d 424, 428 (Tex. Crim. App. 1991)). First, at its discretion the court can appoint, or allow the accused to retain, new counsel. *Id.* (citing *Burgess*, 816 S.W.2d at 428). Second, should the trial court deny new counsel, and the accused unequivocally asserts his right to self-representation, persisting in that assertion after proper admonishment, the court must allow the accused to represent himself. *Id.* (citing *Burgess*, 816 S.W.2d at 418-19). Third, unless the trial court allows new counsel, it must compel an accused who will not waive counsel and does not unequivocally assert his right to self-representation to proceed to trial with the lawyer he has, whether he wants to or not. *Id.* (citing *Burgess*, 816 S.W.2d at 429).

Here, as in *Turner*, appellant made his request to change counsel on the day of the revocation hearing and at the "eleventh hour." *Id.* (citing *Burgess*, 816 S.W.2d at 427-28). In addition to the request being raised on the day of the hearing, the trial court noted appellant had been incarcerated for one year and the court needed to keep the case from unnecessary delay. Patin, counsel who appellant previously retained and who obtained a hung jury on appellant's behalf in a murder trial, stated he was prepared to proceed with the hearing and did not re-urge his motion to withdraw that he filed on April 26. Based on the record, we cannot say the trial court abused its discretion by denying the motion to change counsel. We overrule appellant's first issue.

In his second issue, appellant argues the trial court erred by denying his motion for continuance. "A criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion." TEX. CODE CRIM. PROC. ANN. art. 29.03. Article 29.08 requires all motions for continuance to be sworn

to by a person with knowledge of the facts relied upon for the continuance. *Id.* art. 29.08. Because of these procedural prerequisites, the court of criminal appeals has held that oral motions for continuance preserve nothing for appellate review. *See Dewberry v. State*, 4 S.W.3d 735, 755–56 (Tex. Crim. App. 1999). Appellant does not dispute that he only made an oral motion. Because the motion in question was oral and not sworn, we conclude this issue was not properly preserved for appeal. We overrule appellant's second issue.

In his third and fourth issues, appellant argues the trial court violated his statutory right to allocution, codified in article 42.07 of the Texas Code of Criminal Procedure, and a common-law right to allocution. Article 42.07 provides that prior to sentencing, a defendant shall be asked if he has anything to say as to why the sentence should not be pronounced and provides a list of only three reasons that may support such a statement. *See* TEX. CODE CRIM. PROC. ANN. art. 42.07. Although appellant did not object to the trial court's failure to make this inquiry, he insists the error is reversible. We disagree.

An objection to a denial of allocution is required to preserve a complaint on appeal. *See Mendez v. State*, No. 05-07-01624-CR, 2009 WL 606668, at *4 (Tex. App.—Dallas Mar. 11, 2009, no pet.) (not designated for publication) (citing *Tenon v. State*, 563 S.W.2d 622, 623-24 (Tex. Crim. App. 1978)); *see also Amador v. State*, No. 14-14-00405-CR, 2015 WL 4548967, at *2 (Tex. App.—Houston [14th Dist.] July 28, 2015, pet. ref'd). Because appellant raised no objection, we conclude nothing is presented for our review. Additionally, there was no contention then or now that any of the statutory reasons not to impose the sentence ever existed. *Mendez*, 2009 WL 606668, at *4. Thus, we cannot conclude appellant was harmed by the trial court's failure to follow article 42.07. *Id.* (citing *Hernandez v. State*, 628 S.W.2d 145, 147 (Tex. App.—Beaumont 1982, no pet.)). As stated by the court in *Tenon*, "[s]urely appellant would not have this court reverse this cause and order a new sentencing so that when the court asks [him] if [he] has anything to say

–4–

why sentence should not be pronounced against [him] he can then answer 'Nothing.'" *Tennon*, 563 S.W.2d at624. We overrule appellant's third issue.

Likewise, although appellant complains he was denied a common-law right to allocution, he did not raise this complaint in the trial court.[1] As a prerequisite to presenting a complaint for appellate review, the record must show that the specific complaint was made to the trial court. *See* TEX. R. APP. P. 33.1(a). Appellant did not object at trial on grounds he was denied a common-law right of allocution and he raises this issue for the first time on appeal. He has failed to preserve error. *See Williams v. State*, 05-16-01305-CR, 2018 WL 1373953, at *4 (Tex. App.—Dallas Mar. 19, 2018, no pet.) (mem. op., not designated for publication). We overrule appellant's fourth issue.

We affirm the trial court's judgments.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
170504F.U05

---

[1] The State asserts that Texas law does not recognize a common-law right to allocution. We need not address this issue because appellant's complaint was not made to the trial court. *See* TEX. R. APP. P. 47.1.

–5–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

CORTEZ BOWSER, Appellant

No. 05-17-00504-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1355659-R.
Opinion delivered by Justice Stoddart.
Justices Lang and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 20th day of July, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CORTEZ BOWSER, Appellant

No. 05-17-00505-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1355761-R.
Opinion delivered by Justice Stoddart.
Justices Lang and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 20th day of July, 2018.