**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00374-CR**
_____

**PAUL THOMAS BLEUEL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. F18-28547**

**MEMORANDUM OPINION**

Appellant Paul Thomas Bleuel ("Bleuel") appeals the trial court's revocation of his community supervision. In two issues, he argues that he was denied his right to be heard and his right to allocution at his sentencing hearing. We affirm.

Background

On January 24, 2018, a grand jury indicted Bleuel for the offense of third-degree felony stalking. *See* Tex. Penal Code Ann. § 42.072(b). Under a plea bargain agreement, Bleuel pleaded guilty to the offense charged. On November 5, 2018, the

1

trial court accepted the plea, and the trial court deferred adjudication of guilt and placed Bleuel on community supervision for ten years and imposed a $1,000 fine. The trial court also signed a Deferred Adjudication Order, Special Condition of Community Supervision, and Order Amending Terms of Community Supervision listing the conditions of Bleuel's community supervision. The terms were also amended by additional orders in 2019, 2020, 2022, and 2023.

On July 19, 2023, the State filed a Motion to Revoke Unadjudicated Probation, which alleged that Bleuel had violated five of the terms of his community supervision, including failing to maintain a GPS monitoring device, failing to report to the Jefferson County Community Supervision and Corrections Department, failing to provide verification of community service performed, failing to provide verification of completing Moral Reconation Therapy (MRT), and failing to pay court assessed fees.

The State filed a First Amended Motion to Revoke Unadjudicated Probation on September 26, 2023, adding an additional allegation that Bleuel had violated the terms of his community supervision—namely, that he had failed to remain in Jefferson County, Texas, and he was in Alabama without the permission of the Adult Probation Department. The record reflects that one of the terms of Bleuel's community supervision required him to have no contact with the victim and to

remain off the premises of an address in Beaumont, Texas, and another address in Tuscaloosa, Alabama.

There was a hearing on the motion to revoke on November 14, 2023, where Bleuel was present and represented by counsel. The trial court stated that Bleuel had previously pleaded "true" to counts 1 through 5 of the State's Motion to Revoke Unadjudicated Probation. The trial court further stated it had received an updated report, and the State had filed its amended motion to revoke that added an additional allegation that Bleuel had failed to "remain in Jefferson County, Texas, as ordered and that [he] was in the state of Alabama on July 18th of 2023, without permission[,]" to which Bleuel pleaded "true." After the trial court found the six alleged violations true, the trial court asked if "everyone had an opportunity to review the presentence report[,]" and counsel for the State and for Bleuel both responded that they had reviewed the report. When the trial court asked if there were any additions or corrections, Bleuel himself stated, "Yeah." The trial court clarified that it was addressing the attorneys, and defense counsel told the trial court she had reviewed the report with Bleuel. The trial court asked Bleuel if there was something wrong in the report, and the following exchange occurred:

> The Defendant: . . . I wasn't there to cause any problems. . . . I had no intentions of harming anybody because I know - -
>
> The Court: What were you going there for?

The Defendant: I didn't know where [I] was. I started off in West Texas and went northeast coast.

. . . .

The Court: I don't believe that you randomly ended up in the same place.

[Prosecutor]: He couldn't have gone to West Texas from the time - -

The Court: We had him on his license plate readers.

[Prosecutor]: He cut the monitor off, and we were notified. . . . He went straight to Alabama.

The Court: . . . we were all [] concerned about what was going on when you cut that monitor off and you took off at a high rate [of] speed and went straight to Alabama. So you can just stop with whatever else you're talking about because it makes no difference because you are trying to manipulate and you are lying. . . . I've dealt with this for as long as - - I've probably dealt with any case. Y'all could make argument but . . .

The Defendant: Yes.
. . .
         . . . I've done the monitor before successfully. I'm under less stress now with doing more or less hours work - -

The Court: Here's the thing, Mr. Bleuel, the only [] wish today is that I had a higher range of punishment because I want for [the victim] to have some sense of peace for as long as possible.

The trial court then found counts 1 through 6 true, found Bleuel guilty of the felony offense of stalking, and sentenced him to a term of ten years' imprisonment in the Institutional Division of the Texas Department of Corrections. The following exchange then occurred:

4

The Defendant: Can I ask a question?

The Court: Yeah.

The Defendant: How do you know that I didn't - - I start off going toward West Texas.

The Court: There were license plate - - there is license plate readers on the inter - -

The Defendant: Is there - -

The Court: Mr. Bleuel.

The Defendant: Yeah.

The Court: There is license plate - - don't interrupt, okay? They're all over the United States now. There are things called license plate readers. They put in a license plate. And when something like this happens, they can start tracking. And that's exactly what happened. And that's how the state of Alabama and the people there knew to be looking and trying to find you, okay? You don't need - - I need you - -

The Defendant: You - -

The Court: Hang on. Stop talking. I need you to sign that document, so that - - it just says that you're getting a copy of it. You have the right to appeal. That's all that says. If you'll sign it, please.

After additional discussion with counsel, the trial court advised Bleuel that mental health programs would be available in TDC on a voluntary basis. The hearing ended with the following exchange:

The Defendant: There is nothing I can say to you.

The Court: No, sir.

The Defendant: Now that I've done - -

5

The Court: Go with the bailiff. Past done.

The trial court signed a Judgment Adjudicating Guilt, setting Bleuel's sentence of ten years' imprisonment, and certified Bleuel's right of appeal. Bleuel timely appealed.

## Issues

Appellant's brief states two issues for appeal: (1) he claims that he was denied his constitutional and statutory right to be heard at his sentencing hearing; and (2) he alleges that he was denied his right to allocution at his sentencing hearing. Appellant's brief discusses the two issues together, as do we.

Appellant argues that an accused's right to be heard is "fundamental to the American criminal justice system[,]" citing section 10 of article I of the Texas Constitution and article 1.05 of the Code of Criminal Procedure. *See* Tex. Const. art. I, § 10 (stating that an accused "shall have the right of being heard by himself or counsel, or both[]"); Tex. Code Crim. Proc. Ann. art. 1.05 (same). He also argues that he was denied his right to allocution—to speak in mitigation of the punishment to be assessed—and the right applies to revocation of community supervision cases, citing *Ruedas v. State*, 586 S.W.2d 520, 523 (Tex. Crim. App. 1979) and *Eisen v. State*, 40 S.W.3d 628, 631, 636 (Tex. App.—Waco 2001, pet. ref'd). Appellant argues that Rule 32 of the Federal Rules of Criminal Procedure requires a trial judge to specifically address a defendant and ask if he has anything to say before the court

6

sentences him, citing *Green v. United States*, 365 U.S. 301, 303-04 (1961). Appellant's brief also references article 42.07 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 42.07 ("Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him.").

While recognizing that a failure to object generally waives error for appeal, Appellant argues that he "repeatedly apprised the trial court of the continuing denial of his right to be heard," and the trial court continually denied him the right to be heard. Appellant acknowledges that his attempts to address the court were "inartful[,]" but he argues that it is apparent from the record that he was trying to speak to the court for himself, and the trial court denied him the right to be heard. According to Appellant, having been denied the right to be heard, he was denied due process, and reversal is required.

Standard of Review and Applicable Law

To preserve a complaint for appeal, a party must make a timely and specific objection or motion at trial, and there must be an adverse ruling by the trial court. *See* Tex. R. App. P. 33.1(a). Generally, a failure to object at trial waives error for appeal. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008). We disregard non-constitutional error that does not affect an appellant's substantial rights, and with constitutional error we reverse unless we determine that the error was harmless

7

and did not contribute to the appellant's conviction or punishment. Tex. R. App. P. 44.2(a), (b). Whether a particular constitutional error is harmless beyond a reasonable doubt is determined by considering "any and every circumstance apparent in the record that logically informs" the analysis. *Snowden v. State*, 353 S.W.3d 815, 822 (Tex. Crim. App. 2011).

"An appellant does not have an absolute right to participate in the trial in any way he pleases. It is a privilege to be exercised in a proper and legitimate manner, subject to the sound discretion of the trial court in its exercise of its powers to control the business of the court." *Wingate v. State*, 487 S.W.2d 89, 92 (Tex. Crim. App. 1972). We review the trial court's actions in controlling the business before it under an abuse of discretion standard. *See In re Tennison*, 502 S.W.3d 821, 824 (Tex. Crim. App. 2016) (citing *Marquez v. State*, 921 S.W.2d 217, 223 (Tex. Crim. App. 1996)); *Wheatfall v. State*, 882 S.W.2d 829, 838 (Tex. Crim. App. 1994).

Article 1.05 of the Texas Code of Criminal Procedure provides, in relevant part, that a defendant "shall have the right of being heard by himself, or counsel, or both[.]" Tex. Code Crim. Proc. Ann. art. 1.05. However, the Texas Constitution does not guarantee a right to hybrid representation—that is, representation partly by counsel and partly by the defendant himself. *See Robinson v. State*, 240 S.W.3d 919,

8

922 (Tex. Crim. App. 2007); *Landers v. State*, 550 S.W.2d 272, 280 (Tex. Crim. App. 1977).[1]

The United States Supreme Court has recognized a common-law right to allocution. *See Green*, 365 U.S. at 304 (explaining the common-law right of allocution is codified in Rule 32 of the Federal Rules of Criminal Procedure). Article 42.07 of the Texas Code of Criminal Procedure provides a statutory right of allocution:

> Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him. The only reasons which can be shown, on account of which sentence cannot be pronounced, are:
>
> 1. That the defendant has received a pardon from the proper authority, on the presentation of which, legally authenticated, he shall be discharged.
>
> 2. That the defendant is incompetent to stand trial; and if evidence be shown to support a finding of incompetency to stand trial, no sentence shall be pronounced, and the court shall proceed under Chapter 46B; and

---

[1] The Court of Criminal Appeals has explained that a trial court has some discretion to permit hybrid representation. *See Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989) ("[A] trial court may certainly permit hybrid representation in its discretion."); *Webb v. State*, 533 S.W.2d 780, 784 n.2 (Tex. Crim. App. 1976) ("[A] patient trial judge may allow both counsel and the accused to jointly participate in the case."). In this case, the record does not reflect that Appellant sought hybrid representation, nor does it show that the trial court granted it. *See Falk v. State*, No. AP-77-071, 2021 Tex. Crim. App. Unpub. LEXIS 262, at *33 (Tex. Crim. App. May 19, 2021) (not designated for publication) (declining to revisit the general rule against hybrid representation where appellant "did not clearly and unequivocally inform the trial judge that he believed himself entitled to hybrid representation[]").

3. When a person who has been convicted escapes after conviction and before sentence and an individual supposed to be the same has been arrested he may before sentence is pronounced, deny that he is the person convicted, and an issue be accordingly tried before a jury, or before the court if a jury is waived, as to his identity.

Tex. Code Crim. Proc. Ann. art. 42.07 ("Reasons to Prevent Sentence"); *see also generally Casey v. State*, 924 S.W.2d 946 (Tex. Crim. App. 1996) (applying article 42.07 to sentencing in a probation revocation proceeding); *Eisen*, 40 S.W.2d at 636 (same).

This Court addressed a failure to follow article 42.07 in *Hernandez v. State*, 628 S.W. 2d 145, 147 (Tex. App.—Beaumont 1982, no pet.):

Appellant next complains of error "in denying appellant his right of allocution." He argues that the provisions of [] Art. 42.07, mandates that, prior to sentencing, he be asked if he has anything to say why the sentence should not be pronounced. The record shows that such question was not asked by the trial court. Even though Art. 42.07 does provide that such question be asked of appellant, it (Art. 42.07) further provides that only certain specified "reasons" can be shown "on account of which sentence cannot be pronounced." There were no objections to the court's failure to inquire of the appellant if he had anything to say why the sentence should not be pronounced against him. There was no contention then or now that any of the statutory reasons set out in Art. 42.07 to prevent the pronouncement of sentence ever existed.

Preservation of complaints for review by appellate courts is required by our appellate rules. Tex. R. App. 33.1. A complaint about the court's failure to follow article 42.07 is waived if not made in the trial court. *Id*.; *Gardiner v. State*, Nos. 09-16-00192-CR

10

& 09-16-00196-CR, 2017 Tex. App. LEXIS 5654, at *5 (Tex. App.—Beaumont June 21, 2017, pet. ref'd) (mem. op., not designated for publication).

Similarly, the right to allocution is waived on appeal if the defendant fails to timely make an objection regarding allocution at trial and obtain an express or implied ruling. *See* Tex. R. App. P. 33.1(a); *Vasquez v. State*, 605 S.W.3d 734, 739 (Tex. App.—Houston [1st Dist.] 2020, no pet.). We also agree with our sister courts who have concluded that the right to allocution is not a constitutional right. *See Casselberry v. State*, No. 05-22-00014-CR, 2022 Tex. App. LEXIS 7867, at *2 (Tex. App.—Dallas Oct. 25, 2022, no pet.) (mem. op., not designated for publication); *Vela v. State*, No. 13-21-00245-CR, 2022 Tex. App. LEXIS 1974, at **5-6 (Tex. App.—Corpus Christi–Edinburg, Mar. 24, 2022, no pet.) (mem. op., not designated for publication); *Vasquez*, 605 S.W.3d at 740 (citing *Eisen*, 40 S.W.3d at 636).

Analysis

For Appellant to complain on appeal that he was denied the right to be heard or the right of allocution, the record must reflect that Appellant timely objected in the trial court. *See Casselberry*, 2022 Tex. App. LEXIS 7867, at *4; *Vasquez*, 605 S.W.3d at 739; *Gardiner*, 2017 Tex. App. LEXIS 5654, at *5. In this case, the record reflects that, while the trial court did not specifically ask Appellant whether he had anything to say why the sentence should not be pronounced against him, Appellant did in fact address the trial court at several points during the hearing on the motion

to revoke. The record does not show that Appellant or his counsel objected in the trial court that Appellant was not permitted to speak. We disagree that Appellant's "inartful attempts to address the court" constituted an objection that preserved appeal because the record does not reflect that any of the comments clearly conveyed that Bleuel was objecting because he believed he had the right to be heard and to allocute. *See* Tex. R. App. P. 33.1; *Laws v. State*, 640 S.W.3d 227, 229 (Tex. Crim. App. 2022) (to preserve error for appeal, an objection must be timely and sufficiently specific to alert the trial court to the nature of the complaint and provide an opportunity to address and correct the purported error). Appellant's comments to the trial court failed to state an objection or a specific issue under article 42.07 (or otherwise). We cannot say the trial court abused its discretion. *See In re Tennison*, 502 S.W.3d at 824; *Wingate*, 487 S.W.2d at 92.

The record also does not reflect that any comments by Appellant in the trial court related to the enumerated reasons codified in article 42.07 concerning why a sentence cannot be pronounced, and there was no contention in the trial court nor on appeal that any of the statutory reasons in article 42.07 to prevent the pronouncement of sentence existed. *See* Tex. Code Crim. Proc. Ann. art. 42.07; *Gardiner*, 2017 Tex. App. LEXIS 5654, at *5; *Hernandez*, 628 S.W.2d at 147. We conclude that Appellant failed to preserve his complaint for our review. *See* Tex. R. App. P.

12

33.1(a); *Gardiner*, 2017 Tex. App. LEXIS 5654, at *5; *Hernandez*, 628 S.W.2d at 147.

As to Appellant's argument that Rule 32 of the Federal Rules of Criminal Procedure requires the trial court to address the defendant personally to allow him to speak or present any information to mitigate the sentence, the Federal Rules of Criminal Procedure only apply to federal criminal proceedings, and State trial courts are not bound by those rules. *See* Fed. R. Crim. P. 1(a)(1) (explaining that the rules apply "in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States[]"), 32(i)(4)(A)(ii); *see also Norman v. State*, No. AP-76,063, 2011 Tex. Crim. App. Unpub. LEXIS 126, at **16-17 (Tex. Crim. App. Feb. 16, 2011) (not designated for publication) (explaining that federal rules of criminal procedure do not apply to state court proceedings in Texas courts). We also note that the trial court gave the defendant the opportunity to say something before she pronounced her decision, and the defendant gave the court an excuse of "I didn't know where [I] was. I started off in West Texas and went northeast coast." The trial court did not believe that the defendant just coincidentally cut his monitor off and happened to randomly drive to Alabama, one of the locations where he expressly was forbidden to go under the terms of his deferred adjudication.

But even if Bleuel had preserved error on his appellate complaints, and assuming without deciding that the trial court erred by denying Appellant the right to be heard or the right to allocute, any such error is non-constitutional. *See Casselberry*, 2022 Tex. App. LEXIS 7867, at *2; *Vela*, 2022 Tex. App. LEXIS 1974, at **5-6; *Vasquez*, 605 S.W.3d at 740 (citing *Eisen*, 40 S.W.3d at 636). We disregard non-constitutional error that does not affect Appellant's substantial rights, and we reverse only if we determine that the error contributed to Appellant's conviction or punishment. *See* Tex. R. App. P. 44.2(a), (b). The record reflects that both Appellant and his counsel addressed the trial court, so we cannot say that Appellant was denied "the right of being heard by himself or counsel, or both[.]" *See* Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.05. At the hearing on the motion to revoke, Appellant pleaded true to each of the allegations that he violated the terms of his community supervision, including the allegation that he had gone to Alabama. The trial court adjudicated Appellant guilty and sentenced him to a term of ten years of confinement in TDC. On appeal, Appellant does not complain of error in the adjudication of his guilt nor his sentence, and we conclude Appellant has not shown that he was harmed by any alleged error by the trial court to allow Appellant to speak or to allocute. *See* Tex. R. App. P. 44.2(a), (b); *see also Vasquez*, 605 S.W.3d at 740 (concluding that alleged denial of right to allocute did not affect appellant's substantial rights where she did not make a record showing what additional pleas or

evidence she would have offered had she addressed the court); *Hernandez*, 628 S.W.2d at 147 (quoting *Tenon v. State*, 563 S.W.2d 622, 624 (Tex. Crim. App. 1978)). Therefore, we conclude that Appellant has not shown that the alleged error contributed to his conviction or punishment. *See* Tex. R. App. P. 44.2(a), (b).

We overrule both of Appellant's issues on appeal, and we affirm the trial court's judgment.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on June 25, 2024
Opinion Delivered July 24, 2024
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.